ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone: (510) 637-3721
    Facsimile: (510) 637-3724
    jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, *et al.*,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

**PLEASE TAKE NOTICE** that on this day Case No. 23-cv-28627, currently pending before the Superior Court of California, County of Alameda, is being removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1442(a)(1), on behalf of federal defendants, Kiran Ahuja, in her official capacity as the director of the U.S. Office of Personnel Management ("Ahuja");[1] the U.S. Office of Personnel Management ("OPM"); Shalanda Young, in her official capacity as the director the U.S. Office of Management and Budget ("Young"); U.S. Office of Management and Budget ("OMB"); Christopher Wray, in his official capacity as the director of the Federal Bureau of Investigation ("Wray"); and the Federal Bureau of Investigation ("FBI," and, collectively with Ahuja,

---

[1] The complaint misspells Kiran Ahuja's name as "Kiran Abuja."

NOTICE OF REMOVAL OF CIVIL ACTION
Case No.     1

OPM, Young, OMB, and Wray, "Federal Defendants"). The grounds for removal are as follows:

1. On July 18, 2023, *pro se* plaintiff Matthew Morris ("Plaintiff") filed a complaint alleging claims against 30 named defendants and 10 Does in the Superior Court of California, County of Alameda. A copy of the complaint (hereinafter "Complaint") is attached hereto as Exhibit 1.

2. The above-captioned lawsuit purportedly relates to Plaintiff's time at the California State University, East Bay ("CSU East Bay") as a student and employee. Plaintiff claims that he was the lead research assistant for CSU East Bay Assistant Professor Anndretta Wilson.

3. Although each of the Complaint's 29 causes of action is alleged against "All Defendants," including Federal Defendants, for purported violations of state and federal law, the Complaint includes no well-pleaded factual allegations regarding Federal Defendants. Instead, the Complaint alleges—without supporting facts—that:

- FBI and Wray "failed to prevent harm since Plaintiff reported harm that crossed state lines to FBI in 2021-2022" and that FBI and Wray "failed oversight of Title IX employees to ensure that they followed federal Title IX laws" (Complaint ¶¶ 25, 30);
- OMB "failed to oversee federal employees at CSU Eastbay so that they would be at work to stop harm" (*id.* ¶ 27); and
- OPM "failed to oversee employees at CSU Eastbay to ensure that scholarships were paid and that employees were reporting into their positions and completing their duties of reporting personnel files, timesheets, and records" (*id.* ¶ 28).

4. OPM and Ahuja, in her official capacity, were served with the Summons and Complaint on August 8, 2023.

5. To date, OMB and Young, in her official capacity, have not been served with the Summons and Complaint.

6. To date, FBI and Wray, in his official capacity, have not been served with the Summons and Complaint.

7. In addition, Plaintiff failed to serve the Complaint and Summons on Federal Defendants in accordance with Federal Rule of Civil Procedure 4(i).

8. The action is removable to federal district court under 28 U.S.C. § 1442(a)(1) because in

seeking relief against the Federal Defendants, Plaintiff is suing the "United States or any agency thereof or any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."

9. "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (addressing removal under 28 U.S.C. § 1442(a)(3)). Section 1442 is broadly construed to favor removal in the case of actions against federal officers. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). A broad interpretation furthers one of the key purposes of the statute: to allow federal officers to litigate in federal court colorable defenses arising out of their duty to enforce federal law. *See Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). Congress amended Section 1442 in 2011 because it "felt that the courts were construing the statute too narrowly." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1250 (9th Cir. 2017); *see also Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017) (noting that the 2011 amendment to Section 1442(a)(1) "broaden[ed] the universe of acts that enable federal removal such that there need be only a *connection or association* between the act in question and the federal office.") (alteration and emphasis in original, citations and quotation marks omitted).

10. An agency or an officer of an agency of the United States may remove under Section 1442(a)(1) where she (1) "raise[s] a colorable federal defense" and (2) "establish[es] that the suit is "*for* a[n] act under color of office." *Jefferson County*, 527 U.S. at 431 (quoting 28 U.S.C. § 1442(a)(3) (emphasis in original).² To satisfy the second requirement, "the officer must show a nexus, a causal connection between the charged conduct and asserted official authority." *Id.* (cleaned up). Courts do not require "an airtight case on the merits" to show either the required causal connection or the colorable federal defense but instead credit the officer's "theory of the case for purposes of both elements of [the] jurisdictional inquiry." *Id.* at 432.

11. Federal Defendants meet the test for removal set forth in *Jefferson County*. First, although

---

² While the *Jefferson County* Court quoted 28 U.S.C. § 1442(a)(3) for this standard, it further noted that "[o]ther subsections of § 1442 establish similar removal rights for other federal officers." *Jefferson County*, 527 U.S. at 430 n.3.

NOTICE OF REMOVAL OF CIVIL ACTION
Case No.                                                           3

the allegations regarding Federal Defendants are conclusory, the Complaint suggests that Federal Defendants somehow failed to act in their official capacity to prevent harm from occurring to Plaintiff. Complaint ¶¶ 25, 27-28, 30, 88-89, 92-95.  Second, Federal Defendants have colorable defenses to Plaintiff's claims under federal law.  For example, (1) the state court lacked jurisdiction over Plaintiff's claims against federal actors, (2) the Complaint does not establish that the federal government waived its sovereign immunity as to any of Plaintiff's claims, (3) Plaintiff did not exhaust the administrative remedies required under federal law, and (4) as mandated by federal statutes, Plaintiff sued the incorrect federal defendants.  With respect to the second requirement, "colorable" is interpreted broadly because "one of the most important reasons for the removal is to have the validity of the defense of official immunity tried in a federal court." *Jefferson County*, 527 U.S. at 431; *see also Willingham*, 395 U.S. at 406-07.

12. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the County of Alameda.  This filing will automatically effect the removal of this action in its entirety to this Court for all future proceedings pursuant to 28 U.S.C. § 1446(d).

DATED: September 6, 2023                                             Respectfully submitted,

                                            ISMAIL J. RAMSEY
                                            United States Attorney

                                            */s/ Jevechius D. Bernardoni*
                                            JEVECHIUS D. BERNARDONI
                                            Assistant United States Attorney

                                            Attorneys for Federal Defendants