# EXHIBIT A

## DECLARATION OF SERVICE BY E-MAIL

Case Name:     **Morris, Matthew v. Board of Trustees of the California State University**
No.:           **23CV028627**

I declare:

I, Gertrude Elendu, I'm familiar with the practices of Matthew Morris. I am 18 years of age or older and not a party to this matter. According to the U.S. dept. of Justice's website (www.justice.gov). Service upon an officer sued in his/her official capacity, or upon an agency or corporation of the United States is accomplished by serving the United States (see USAM 4-2.310), and by sending a copy of the summons and of the complaint by registered or certified mail to the officer, agency, or corporation. See Fed. R. Civ. P. 4(i)(2); 28 U.S.C. § 1391(e)(3).

It is in accordance with these standards that the following person is hereby served at this address of 1900 E St NW, Washington, DC 20415:

Director of the U.S. Office of Personnel Management
Kiran Abuja

On or about July 26th, 2023, I served the attached

**1) SUMMONS ON AMENDED PETITION**
**2) COMPLAINT**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on July 26th, 2023, in Sacramento, California.

_____          _____
          Gertrude Elendu                              Signature
             Declarant



General Counsel
Office of the
2023 AUG 10 PM 2: 12

RECEIVED
8/8/2023



**SUM-100**

# SUMMONS ON AMENDED PETITION
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>**SEE ATTACHED LIST OF DEFENDANTS**<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Matthew Morris | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>ALAMEDA COUNTY<br><br>JUL 18 2023<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ *Deputy* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER**<br>*(Número del Caso):* 23CV028627 |

Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Morris
2121 Natomas Crossing Drive, Suite 200-292   (916) 834-8443
Sacramento, CA 95834

| DATE:<br>*(Fecha)* JUL 18 2023 | Chad Finke | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [X] CCP 416.90 (authorized person)
          [X] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CEB Essential Forms   ceb.com

Morris, Matthew

1    **DEFENDANTS:**

2    **BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY;**
     **ROSALINA JOHNSON;**
3    **TERRI LABEAUX;**
4    **BIDEMI ANIMASHAUN;**
     **OLUWAFUNMILOLA SULE;**
5    **CHRIS MOORE;**
     **ESTHER FULTZ;**
6    **DANVY LE;**
7    **AMY BELOW;**
     **DEAN LUZ CALVO;**
8    **CATHY SANDEEN;**
9    **KIM BAKER-FLOWERS;**
     **MITCH WATNIK;**
10   **ANNDRETTA WILSON;**
     **MAUREEN SCHARBERG;**
11   **JEROME NARVAEZ;**
12   **MARGUERITE HINRICHS; U.S. OFFICE OF PERSONNEL MANAGEMENT; KIRAN**
     **ABUJA; CALIFORNIA OFFICE OF THE INSPECTOR GENERAL; AMARIK K. SINGH;**
13   **US OFFICE OF MANAGEMENT AND BUDGET**
     **SHALANDA YOUNG; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER**
14   **WRAY; KATHY DEWITT; NICHOLAS BAHAM; LARRY LEE; ERIKA DIAZ-APODACA;**
     **LEROY MORISHITA AND DOES 1-10 inclusive,**
15                  **Defendants.**

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**ATTACHMENT TO SUMMONS ON AMENDED PETITION**

1  Matthew Morris
2  2121 Natomas Crossing Drive, Suite 200-292
   Sacramento, CA 95834
3  mrmatthewmorris1990@gmail.com
   (916) 834-8443
4  In Pro Per
5

**FILED**
ALAMEDA COUNTY

JUL 18 2023

CLERK OF THE SUPERIOR COURT
By _____
              Deputy


**RECEIVED**
8/8/2023

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11  In re Matter of:                          Case No.: 23CV028627

12  MATTHEW MORRIS,                           **UNLIMITED JURISDICTION**

13            Plaintiff,                       **FIRST AMENDED COMPLAINT FOR
                                              DAMAGES DUE TO BREACH OF
14        and                                 CONTRACT, INTENTIONAL TORT,
                                              NEGLIGENCE, RETALIATION,
15  BOARD OF TRUSTEES OF THE                  VIOLATIONS OF THE BROWN ACT,
    CALIFORNIA STATE UNIVERSITY;              (VIOLATION OF FEHA
16  ROSALINA JOHNSON;                         (GOVERNMENT § 12900, *ET SEQ.*)
    TERRI LABEAUX;                            (RACE HARASSMENT, (VIOLATION
17  BIDEMI ANIMASHAUN;                        OF FEHA (GOVERNMENT CODE §
    OLUWAFUNMILOLA SULE;                      12900, ET SEQ.) (SEXUAL
18  CHRIS MOORE;                              ORIENTATION DISCRIMINATION),
    ESTHER FULTZ;                             (VIOLATION OF FEHA
19  DANVY LE;                                 (GOVERNMENT CODE § 12900, ET
    AMY BELOW;                                SEQ.) (MARITAL STATUS
20  DEAN LUZ CALVO;                           DISCRIMINATION), (VIOLATION OF
    CATHY SANDEEN;                            FEHA (GOVERNMENT CODE §
21  KIM BAKER-FLOWERS;                        12940(K) (FAILURE TO PREVENT
    MITCH WATNIK;                             DISCRIMINATION, HARASSMENT,
22  ANNDRETTA WILSON;                         AND RETALIATION), (INTENTIONAL
    MAUREEN SCHARBERG;                        INFLICTION OF EMOTIONAL
23  JEROME NARVAEZ;                           DISTRESS, AND (VIOLATION OF
    MARGUERITE HINRICHS; U.S. OFFICE          FEHA (GOVERNMENT CODE § 12900,
24  OF PERSONNEL MANAGEMENT;                  ET SEQ.) (RETALIATION FOR
    KIRAN ABUJA; CALIFORNIA OFFICE            ENGAGING IN PROTECTED
25  OF THE INSPECTOR GENERAL;                 ACTIVITY); NEGLIGENT HIRE AND
    AMARIK K. SINGH; US OFFICE OF             RETENTION; 230.1 DOMESTIC
26                                            VIOLENCE LEAVE (INCLUDES
27                                            VICTIMS OF STALKING PER SB 288);
                                              WHISTLEBLOWER PROTECTION
28                                            ACT (CA), GOV. CODE §§ 9149.20-23,
                                              8547.1-12. CAL GOV CODE §§ 8548.1-5.

MANAGEMENT AND BUDGET SHALANDA YOUNG; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER WRAY; KATHY DEWITT; NICHOLAS BAHAM; LARRY LEE; ERIKA DIAZ-APODACA; LEROY MORISHITA AND DOES 1-10 inclusive,

Defendants.

WHISTLEBLOWER HEALTH AND SAFETY CODE § 1278.5; HEALTH & SAFETY CODE §53298 (HEALTH & SAFETY); WHISTLEBLOWERS ALSO PROTECTED UNDER C/L.; UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17500 ET SEQ.); CIVIL CONSPIRACY TO VIOLATE18 U.S. Code § 241 & California Penal Code § 141 PC (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE); IMPROPER USE OF CONSUMER CREDIT REPORT (CIV. CODE § 1785.1); IMPROPER USE OF INVESTIGATIVE REPORT (CIV. CODE § 1786); FALSE LIGHT (INVASION OF PRIVACY); IMPROPER DISCLOSURE OF HEALTH/MEDICAL INFORMATION (CIV. CODE § 56.20, HIPAA); IMPROPER DISCLOSURE OF SOCIAL SECURITY NUMBER (CIV. CODE § 1798.85) 11. § 201 WAGES DUE ON TERMINATION (IMMEDIATE); 10 WILLFUL FAILURE TO PAY - SEE ALSO LAB. CODE §§ 2698 AND 225.5 • § 215 MAKES FAILURE TO PAY WAGES DUE A MISDEMEANOR; NEGLIGENT ACT OF THIRD PARTY • GIGUX DOCTRINE (NEGLIGENT ACT OF SEPARATE BUT RELATED ENTITY); PECULIAR RISK OF HARM; NEGLIGENT SELECTION OF CONTRACTOR

(Complaint Demand: <$25,000)

BY FAX

Plaintiff alleges and complains as follows:

### INTRODUCTION, GENERAL ALLEGATIONS AND FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff's hiring: Plaintiff is a 32-year-old, African-American, bi-sexual male who began working as a legal research assistant for the Defendant. Plaintiff was also a student enrolled at California State University, East Bay which is governed by the Defendant.

2. Plaintiff's job performance: Plaintiff began his employment around January 2021 until on or about June 2, 2021, and throughout his employment performed his duties above expectations, was well-liked by others, and excelled in his position.

3. Plaintiff's protected status and activity:

    a. Plaintiff is African American.

    b. Plaintiff is bisexual.

    c. Plaintiff complained of unlawful actions by Defendants.

Defendants' adverse employment actions and behavior:

4. Plaintiff was employed by the Respondent from around January 2021 until on or about June 2, 2021. Plaintiff's job title was Lead Research Assistant, and plaintiff's supervisor was Dr. Anndretta Wilson, Assistant Professor of Ethnic Studies, Black Studies, Feminism, and Community Engagement.

5. On or about August 5, 2020, plaintiff filed a Title IX complaint against two students at the University sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted his previous school in an attempt to gain slanderous information about him. The Respondent then used the untrue and unsubstantiated information to discredit his allegations. During plaintiff's employment with Dr. Wilson, she refused to meet with him to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled him.

6. She refused to discuss the work plaintiff brought to the meetings, and she made comments to put plaintiff down because of his race and sex. Dr. Wilson conspired to undermine plaintiff's position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

7. Plaintiff later discovered that Dr. Wilson had a close relationship with the students named in his previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

8. On or about April 7, 2021, Plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for him to go to campus.

9. On or about June 2, 2021, Plaintiff received an email informing him that he was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

10. As recently as January 27, 2022, the Respondents Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

11. Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

12. On or about April 19, 2021 Rosalina Johnson told Plaintiffs wife that she had lost the testimony of the other student about the sexual misconduct of Defendant Animashaun and the school for the club "African student's associations club" after the president of the club graduated. Plaintiff's wife was the appropriately elected Vice President.

13. After Plaintiffs wife made it known to title IX Coordinator Terri Labeaux on or about August 5, 2020. Plaintiff also provided video testimony from another student who was witness to the environment and events in African students' association club involving Defendant Animashaun and associate's sexual misconduct in club meetings. Student witness was never contacted and video testimony was lost by defendant.

14. On or about August 2020, Plaintiffs wife also reported threatening messages from Defendants Animashaun and Sule. Plaintiff was told that evidence was lost as of April 2021.

15. On or about March 31, 2021 Plaintiff asked for the recordings before the evidence was destroyed from Rosalina Johnson as an extension of her capacity as investigator. Plaintiff received a message that Johnson would be out of the office for an extended period of time.

16. On or about February 2021, two students agreed to be witnesses as to the harassment they observed in the Sociology club. One student was the president of the club that agreed to be a witness. Plaintiff sent a message to Rosalina Johnson about the witnesses. This message included students contact information. These witnesses were never contacted.

17. On or about March 2021, Plaintiff started receiving messages from Defendant Sule that seemed to extort him to get back into a relationship. Sule also stated that she was forced into conspiracy to harm the Plaintiff by defendants Animashaun, Fultz, Moore, and others. Sule stated that she wanted to unburden herself to Title IX, even after she had already spoke to them previously.

18. On or about March 2021, Plaintiff provided messages from Sule about conspiracy to Rosalina Johnson. Plaintiff provided text messages as evidence and stated that he had not told Sule about him going to Title IX. Rosalina Johnson never contacted Sule and Sule never contacted Title IX. Plaintiff believes this was done as a delay tactic so that defendant Sule could graduate. Defendant Sule stated to Plaintiff that school faculty/staff were helping her.

19. On or about January 2020, Defendant Animashaun stated that she was the Plaintiffs wife to the department chair of the political science department to get Plaintiffs information that she used to stalk Plaintiff.

20. On or about January 2021, Plaintiff reported harassment and harm to the President's office through "My story/My truth" event that the school offered to students. Plaintiff was never contacted after.

21. Plaintiff had meeting with counselor and department chair on or about March 2021, where department chair stated that school punished faculty and staff involved with harassment, retaliation, bullying, and misconduct after multiple meetings about the Plaintiff. Department chair stated that Plaintiff could not be told details based on privacy policies. Counselor told Plaintiff that he heard that there would be retaliation against the Plaintiff that may also delay his graduation.

22. Plaintiff mentioned this in his appeal letter to the administrators Scharberg and Watnik in his appeal letter. Plaintiffs appeal was still denied on or about August 9, 2021.

23. On or about June 23, 2022, Plaintiff was told by his counselor that even if he had done everything right, he still would not be able to be reinstated until 2023.

24. Plaintiff was told that staff/faculty that could help him stop the harassment were out of the office multiple times from 2020-2021.

25. Head of FBI failed to prevent harm since Plaintiff reported harm that crossed state lines to FBI in 2021-2022.

26. On or about March 10, 2022, plaintiff served a demand letter twice to the CSU Board of Trustees. Defendant chose to ignore and refused to respond even though a response was requested. Defendant was warned that litigation would be taken as a last resort.

27. U.S. Office of personnel management failed to oversee federal employees at CSU Eastbay so that they would be at work to stop harm.

28. U.S. Office of management and budget failed to oversee employees at CSU Eastbay to ensure that scholarships were paid and that employees were reporting into their positions and completing their duties of reporting personnel files, timesheets, and records.

29. The California office of the Inspector General failed to oversee CSU Eastbay and the CSU system to ensure that scholarships were paid and that employees were reporting to

their positions and completing their duties of reporting personnel files, timesheets, and records.

30. Head of the FBI Director Wray failed to prevent harm and failed oversight of Title IX employees to ensure that they followed federal Title IX laws. He also failed to prevent harm since Plaintiff reported harm via emails and phone calls to the FBI from 2021-2022 about harassment and retaliation crossing state lines as well as the tampering of evidence.

31. On or about July 28, Plaintiffs Moore and Fultz arranged for a false business meeting with the Plaintiff. At this meeting defendant Fultz pulled out pornographic material and attempted to solicit sex with the Plaintiff and threaten the Plaintiff that if he didn't comply then he would get "broken like another man." Plaintiff believes this was also in retaliation for refusing Animashaun and Sule on April 1st, 2020. This is due to the defendant Fultz claiming that her, Animashaun, Sule, and others had harassed and assaulted another man as a consequence of his refusal for sex. Fultz stated that the other victim was a teacher and "doesn't go outside anymore."

32. On or about April 1st, 2020, Defendant Animashaun intimidated Plaintiff by stating that she worked for law enforcement and that the Plaintiff should not report sexual misconduct and harassment at her home after her and defendant Sule lured him there under false pretense. Defendant Animashaun was actually an officer of the court as of April 1st, 2020.

33. On or about July 28, 2020 Moore, Sule, Animashaun conspired to tamper with and conceal evidence remotely out of the Plaintiff's electronic devices. They did so by altering plaintiff's call logs, text messages, and e-mails remotely.

34. Plaintiffs Moore, Fultz, Sule, Animashaun admitted to tampering in Alameda County Superior court hearing held on or about August 18, 2020 (Case Number HG20069168)

35. Defendant Le defamed the Plaintiff by characterizing Plaintiff in false light on or about January 2021 to other students.

36. Defendants that were staff and/or faculty failed to report and prevent harassment.

1    37. CSU system failed to prevent harassment.

2    38. CSU system failed to report Plaintiffs personnel file to CSU Union.

3    39. CSU failed to train Plaintiff as to how to report harassment to CSU system.

4    40. CSU failed to train staff/ faculty to prevent harassment and misconduct.

5    41. CSU Eastbay was served complaint by DFEH on or about March 4, 2022.

6    42. CSU east bay failed to hire a confidential advocate that could service Plaintiff to write a

7        complaint about the school.

8    43. Kim baker-flowers was made aware of the report of harassment and sexual battery,

9        retaliation, harassment, and abuse on or about April 24, 2021. She was indifferent to

10       these allegations by introducing me to a confidential advocate named Cheronn Ford

11       whom she knew could not provide services to me on April 27, 2021.

12   44. Kim baker-flowers knew that Confidential Advocate could not service me according to a

13       previous meeting that the advocate and Baker-Flowers had on or about April 2021.

14   45. On or about May 5, 2023 Plaintiff asked for copies of his personnel, payroll, and

15       timesheet records from Human Resources & payroll

16   46. On or about May 5, 2023, Plaintiff was asked to create his own pay stub by Larry Lee

17   47. On or about May 2023, Plaintiff was made aware that the CSU failed to report the

18       Plaintiffs paperwork and status to the CSU Union.

19   48. On or about May 2023, Nicholas Baham contacted the Plaintiff, as the department chair

20       of the department that the Plaintiff worked for, with incorrect work information and

21       failed to provide any official documentation regarding the Plaintiffs personnel, payroll,

22       and timesheet records.

23   49. On or about May 2023, Larry Lee provided incorrect and incomplete information as to

24       the Plaintiff's personnel, payroll, and timesheet records.

25   50. Plaintiff was awarded scholarships from 2020-2021 that CSU Eastbay failed to pay

26   51. Anndretta Wilson failed to pay Plaintiff throughout employment

27   52. Defendant Cathy Sandeen was notified on or about March 2021

28   53. Defendant Morishita was notified on or about 2020

54. Plaintiff engaged in protected activity in 2021 that administration of CSU Eastbay was indifferent to and retaliated against Plaintiff by seeking slanderous information from Plaintiffs previous school.

55. Information Technology Service desk manager for CSU Eastbay
   i. On or about March 26, 2021 Plaintiff was instructed that the school would be deleting their video recordings of classrooms effective April 1st, 2021. This notice also stated "Any meeting recordings before November 1, 2020 will be deleted and any recordings older than 6 months will auto-delete daily."
   ii. This was after the Plaintiff told investigator Johnson on or about March 2021 that the school had video evidence of inappropriate conduct from defendant Animashaun and others from Political Science Department from on or about December to January 2020, specifically defendant Below. After defendant's Johnson and Labeaux were made aware of this fact, Plaintiff was sent a notice by Kathleen DeWitt that stated that any recordings were going to be deleted within approximately 72 hours.
   iii. Dewitt was sent a notice of retention for recordings.
      1. One of these recordings showed defendant Animashaun grabbing Plaintiff in the middle of a class lecture. Defendant Below stopped her lecture to acknowledge and condone the action even though the Plaintiff was uncomfortable.
      2. Plaintiff also specifically asked for recordings from meetings with Defendants Le, and Below.
      3. On or about January 11, 2022 Defendant Le specifically told Plaintiff that she was recording him after the Dean had left the virtual meeting.
   b. This request was met with an "out of office message." By Kathy Dewitt's office. On the same day that Plaintiff sent the notice of retention on March 31st, 2021.

56. Plaintiff is still unable to take classes at CSU East Bay as of June 30, 2023. Even after being reinstated as a student.

57. On or about February 22, 2023 plaintiff reported ongoing retaliation from the respondent's administration and employees to Title IX. Title IX has maintained indifference.

58. Article VI, paragraph 2 of the United States Constitution states that "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution of any State to the Contrary notwithstanding.

59. Declaration of Independence states that the plaintiff is endowed by his Creator "with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. --That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed,"

60. Pursuant to 20 U.S.C. section 1681(a), "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

61. Pursuant to 42 U.S.C. section 1682, "Each Federal department and agency which is empowered to extend Federal financial assistance to any education program or activity, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of section 1681 of this title with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. No such rule, regulation, or order shall become effective unless and until approved by the President.

62. Pursuant to 42 U.S.C. section 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

63. Pursuant to 42 U.S.C. section 2000d, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

64. Enforcement of the provisions of 42 U.S.C. section 2000d-1 is to be carried out by the Attorney General according to Ex. Ord. No. 12250, Nov. 2, 1980, 45 F.R. 72995, set out as a note under section 2000d-1 of Title 42.

## PARTIES

65. I, Matthew Morris, Plaintiff in Pro Per, am an individual man age, 32. I reside in Sacramento County, CA.

66. Plaintiff is informed and believes that at all times mentioned herein, Defendant, BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, is the Governing

1    Agency and Board for California State University and California State University, East

2    Bay.

3    67. Plaintiff is informed and believes that at all times mentioned herein,

4    Defendant, ROSALINA JOHNSON, is and was employed by BOARD OF TRUSTEES

5    OF THE CALIFORNIA STATE UNIVERSITY.

6    68. Plaintiff is informed and believes that at all times mentioned herein, Defendant, TERRI

7    LABEAUX, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA

8    STATE UNIVERSITY.

9    69. Plaintiff is informed and believes that at all times mentioned herein, Defendant, KATHY

10    DEWITT, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA

11    STATE UNIVERSITY.

12    70. Plaintiff is informed and believes that at all times mentioned herein, Defendant,

13    NICHOLAS BAHAM, is and was employed by BOARD OF TRUSTEES OF THE

14    CALIFORNIA STATE UNIVERSITY.

15    71. Plaintiff is informed and believes that at all times mentioned herein, Defendant, LARRY

16    LEE, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA

17    STATE UNIVERSITY.

18    72. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ERIKA

19    DIAZ-APODACA, is and was employed by BOARD OF TRUSTEES OF THE

20    CALIFORNIA STATE UNIVERSITY.

21    73. Plaintiff is informed and believes that at all times mentioned herein, Defendant, LEROY

22    MORISHITA, was employed by BOARD OF TRUSTEES OF THE CALIFORNIA

23    STATE UNIVERSITY.

24    74. Plaintiff is informed and believes that at all times mentioned herein,

25    Defendant, BIDEMI ANIMASHAUN, is an individual.

26    75. Plaintiff is informed and believes that at all times mentioned herein,

27    Defendant, OLUWAFUNMILOLA SULE, is an individual.

28

76. Plaintiff is informed and believes that at all times mentioned herein, Defendant, CHRIS MOORE, is an individual.

77. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ESTHER FULTZ, is an individual.

78. Plaintiff is informed and believes that at all times mentioned herein, Defendant, DANVY LE, is and was a Professor employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

79. Plaintiff is informed and believes that at all times mentioned herein, Defendant, AMY BELOW, is and was a Professor employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

80. Plaintiff is informed and believes that at all times mentioned herein, Defendant, DEAN LUZ CALVO, is and was a Dean employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

81. Plaintiff is informed and believes that at all times mentioned herein, Defendant, CATHY SANDEEN is and was President employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

82. Plaintiff is informed and believes that at all times mentioned herein, Defendant, KIM BAKER-FLOWERS is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

83. Plaintiff is informed and believes that at all times mentioned herein, Defendant, MITCH WATNIK is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

84. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ANNDRETTA WILSON is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

85. Plaintiff is informed and believes that at all times mentioned herein, Defendant, MAUREEN SCHARBERG is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

86. Plaintiff is informed and believes that at all times mentioned herein, Defendant, JEROME NARVAEZ is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

87. Plaintiff is informed and believes that at all times mentioned herein, Defendant, MARGUERITE HINRICHS is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

88. Plaintiff is informed and believes that at all times mentioned herein, Defendant, U.S. OFFICE OF PERSONNEL MANAGEMENT, is the Governing Agency and Board for U.S. OFFICE OF PERSONNEL MANAGEMENT.

89. Plaintiff is informed and believes that at all times mentioned herein, Defendant, KIRAN ABUJA, is and was the director of the U.S. OFFICE OF PERSONNEL MANAGEMENT.

90. Plaintiff is informed and believes that at all times mentioned herein, Defendant, CALIFORNIA OFFICE OF THE INSPECTOR GENERAL, is the Governing Agency and Board for CALIFORNIA OFFICE OF THE INSPECTOR GENERAL.

91. Plaintiff is informed and believes that at all times mentioned herein, Defendant, AMARIK K. SINGH, is and was the California Inspector General of the CALIFORNIA OFFICE OF THE INSPECTOR GENERAL.

92. Plaintiff is informed and believes that at all times mentioned herein, Defendant, US OFFICE OF MANAGEMENT AND BUDGET, is the Governing Agency and Board for US OFFICE OF MANAGEMENT AND BUDGET.

93. Plaintiff is informed and believes that at all times mentioned herein, Defendant, SHALANDA YOUNG, is and was the director of the US OFFICE OF MANAGEMENT AND BUDGET.

94. Plaintiff is informed and believes that at all times mentioned herein, Defendant, FEDERAL BUREAU OF INVESTIGATION, is the Governing Agency and Board for FEDERAL BUREAU OF INVESTIGATION.

95. Plaintiff is informed and believes that at all times mentioned herein, Defendant, CHRISTOPHER WRAY, is and was the director of the FEDERAL BUREAU OF INVESTIGATION.

96. The true names and capacities of defendants DOES ONE through TEN are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

### JURISDICTION AND VENUE

97. This Court is the proper Court because injury or damage to the person occurred in this jurisdictional area.

98. This Court has jurisdiction over the Defendants pursuant to California Code of Civil Procedure sections 410.10 and 1060, and Government Code sections 6258, 54960, 54960.1, and 54960.2, because each Defendant resides in, and regularly conducts business in the State of California, and based upon the limitations of the discretion vested in public agencies.

99. Plaintiff has performed all conditions precedent to filing this Complaint and has exhausted any and all available administrative remedies to the extent required by law. Plaintiff has complied with the requirements of Government Code sections 910 et seq. by serving the respective agencies with written notice of Plaintiff's intention to commence this action.

100.     Plaintiff has complied with the requirements of Government Code sections 54960, 54960.1, and 54960.2 by timely delivering to the agencies a letter demanding that the agencies cure or correct and cease and desist its Brown Act violations.

101.     The agencies have responded and informed that I have exhausted all administrative duties and have the right to proceed with a lawsuit.

102.     Venue is proper in this Court because the causes of action arose and the contracts at issue in this action were made in, raised obligations to be performed in, and/or concerned damages relating to Plaintiff, and Defendants are situated in Alameda County.  (Code of Civil Procedure, §§ 393-395.)

### FIRST CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

**(Breach of Contract)**

103.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs above, as though fully set forth herein.

104.     Plaintiff entered into a contract with Defendant.

105.     Defendants breached the Contract by not following good faith methods.

106.     Plaintiff performed all obligations required of it under the Contract or was justifiably excused therefrom by the Defendant's breaches.

107.     As a result of Defendants' breaches, Plaintiff has suffered losses to be determined, as well in excess of the minimum jurisdiction of an unlimited civil action, to be proved at trial.

## SECOND CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

### (Intentional Tort)

108.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

109.     Plaintiff alleges that Defendants' and Does 1-10, was the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to Plaintiff.

110.     On or about August 5, 2020, Plaintiff filed a Title IX complaint against two students at the University for sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted his previous school in an attempt to gain slanderous information about me. The Respondent then used untrue and unsubstantiated information to discredit plaintiff's allegations. During my employment with Dr. Wilson, she refused to meet with plaintiff to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled plaintiff.

111.     She refused to discuss the work plaintiff brought to the meetings, and she made comments to put him down because of his race and sex. Dr. Wilson conspired to

undermine his position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

112.     Plaintiff later discovered that Dr. Wilson had a close relationship with the students named in my previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

113.     On or about April 7, 2021, Plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for him to go to campus.

114.     On or about June 2, 2021, plaintiff received an email informing him that plaintiff was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

115.     As recently as January 27, 2022, the Respondent's Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

116.     Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

### THIRD CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

#### (Negligence)

117.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

118.     Plaintiff alleges that Defendants' and Does 1-10, was the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to Plaintiff.

119.     On or about August 5, 2020, Plaintiff filed a Title IX complaint against two students at the University sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted plaintiff's previous school in an attempt to gain slanderous information about him. The Respondent then used the untrue and unsubstantiated information to discredit plaintiff's allegations. During plaintiff's employment with Dr. Wilson, she refused to meet with him to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled him.

120.     She refused to discuss the work Plaintiff brought to the meetings, and she made comments to put him down because of his race and sex. Dr. Wilson conspired to undermine his position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

121.     I later discovered that Dr. Wilson had a close relationship with the students named in plaintiff's previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

122.     On or about April 7, 2021, plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for plaintiff to go to campus.

123.     On or about June 2, 2021, plaintiff received an email informing him that he was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

124.     As recently as January 27, 2022, the Respondents Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

125.     Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

### FOURTH CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

### (Retaliation,  Govt. Code § 12653; Lab. Code § 1102.5)

126.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

127.     On or about August 5, 2020, plaintiff filed a Title IX complaint against two students at the University sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted plaintiff previous school in an attempt to gain slanderous information about plaintiff. The Respondent then used the untrue and unsubstantiated information to discredit my allegations. During plaintiffs employment with Dr. Wilson, she refused to meet with plaintiff to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled plaintiff.

128.     She refused to discuss the work Plaintiff brought to the meetings, and she made comments to put plaintiff down because of his race and sex. Dr. Wilson conspired to undermine plaintiff's position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

129.     Plaintiff later discovered that Dr. Wilson had a close relationship with the students named in his previous complaint of sexual harassment and assault. Plaintiff

1    believes the harassment he experienced was retaliation for the Title IX complaint he

2    filed.

3    130.    On or about April 7, 2021, plaintiff reported Dr. Wilson's behavior to Dean Luz

4    Calvo, but his allegations were not investigated. Plaintiff never received a notice of

5    investigation from Dean Calvo or anyone else at the university. In or around March

6    2021, plaintiff received threatening messages from the students named in his previous

7    complaint, and it became unsafe for him to go to campus.

8    131.    On or about June 2, 2021, plaintiff received an email informing me that he was

9    administratively disqualified from working in his position. Plaintiff submitted an appeal

10   on or about August 3, 2021, which was denied on or about August 9, 2021.

11   132.    As recently as January 27, 2022, the Respondents Board of Directors has not

12   made the agenda or minutes from their meetings available to the public, in violation of

13   the Brown Act.

14   133.    Plaintiff believes he has been discriminated against because of his race and sex

15   in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also

16   believes he has been retaliated against for engaging in protected activity in violation of

17   the same statute.

18   **FIFTH CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS**

19   **and DOES 1-10 ("DEFENDANTS")**

20   **(Violation of the Brown Act, Government Code §§ 54956, 54954.2)**

21   134.    Plaintiff incorporates by reference each and every allegation contained in

22   Paragraphs above as though fully set forth and pleaded herein.

23   135.    A fundamental purpose of the Ralph M. Brown Act, Government Code § 54950

24   et seq. ("Brown Act") is to encourage public participation in government decision-

25   making.

26   136.    In furtherance of this purpose, the Brown Act prohibits the Council from

27   discussing or taking action on any item that does not appear on a properly posted

28

1   agenda, except in certain situations not applicable here. (Government Code §§ 54956,

2   54954.2; see also Moreno v. City of King (2005) 127 Cal.App.4th 17, 26.)

3   137.    Despite this requirement, Defendants' violated the Brown Act by discussing and

4   taking action.

5   138.    Plaintiff as well as the public (inclusive of the people present at the meeting)

6   were prejudiced by this violation because this violation denied them the opportunity to

7   sufficiently prepare and provide meaningful and focused input to the Council and the

8   impacts that such a breach of obligations would have not only on Plaintiff, but on the

9   public at-large.

10   139.    Pursuant to Government Code §§ 54960.1 and 54960.2, Plaintiff timely

11   delivered a letter to the Defendants demanding that the Defendants cure or correct the

12   action taken by the Defendants and cease and desist the practices constituting this

13   violation of the Brown Act.

14   140.    After exhausting all administrative requirements and processes, Plaintiff received

15   letters from the Defendants advising Plaintiff's Notice of Right to proceed with a

16   lawsuit.

17   141.    For the reasons stated above, the Defendant's actions taken in violation of the

18   Brown Act must be determined to be null and void, pursuant to Government Code §

19   54960.1(a).

20   142.    Furthermore, for the reasons stated above, and because of the Defendants'

21   refusal to make an unconditional commitment to cease and desist the practices

22   constituting this violation of the Brown Act, a controversy exists regarding the

23   Defendants' past compliance with the Brown Act, and the Defendants' are likely to

24   continue such violations of the Brown Act.

25   **SIXTH CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS**

26   **and DOES 1-10 ("DEFENDANTS")**

27   **(Violation of the Brown Act, Government Code §§ 54953, §§ 54960 et seq.)**

28

143.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above, as though fully set forth herein.

144.     A fundamental purpose of the Brown Act is open and public government decision-making.

145.     In furtherance of this purpose, the Brown Act provides "[a]ll meetings of the legislative body of a local agency shall be open and public…" (Government Code § 54953.)

146.     The Brown Act defines the term "meeting" very broadly to encompass almost every gathering of a majority of members to hear, discuss, deliberate or take action on any item of business or potential business. (Government Code § 54952.2(a) ["[a]ny congregation of a majority of members of a legislative body at the same time and place to hear, discuss, or deliberate upon any item that is within the subject matter jurisdiction of the legislative body or local agency to which it pertains"].)

147.     The Brown Act prohibits a series of individual communications if they result in a "serial meeting." (Government Code § 54952.2(b).) A "serial meeting" is a series of meetings or communications between individuals in which ideas are exchanged on city business or potential city business among a majority of the legislative body through either one or more persons acting as intermediaries or through use of technological devices (such as e-mail or text), even though a majority of councilmembers never gather together at the same time. "Serial meetings" commonly occur in one of two ways— either a staff member, such as the City Attorney or some other person individually contacts a majority of members of a body and shares ideas among the majority or, without the involvement of a third person, a single member calls other members individually until a majority of the body has reached a collective concurrence on a matter.

148.     Despite the requirement that meetings be "open and public," Plaintiff is informed and believes, and thereon alleges, Defendants' violated the Brown Act by taking action,

1   at a meeting (if not prior thereto) that was not open and public, through either

2   conducting a "secret meeting" or "serial meeting."

3   149.    Plaintiff bases this information and belief on

4   150.    This absence of any public deliberation strongly suggests that Defendants'

5   violated the Brown Act by surreptitiously taking action through conducting a "secret

6   meeting" or "serial meeting" that was not open and public. Plaintiff will establish such

7   Brown Act violation by way of this Action.

8   151.    Pursuant to Government Code §§ 54960.1 and 54960.2, Plaintiff timely

9   delivered a letter to Defendants demanding that the Defendant cure or correct the "non-

10   open and public" actions taken by Defendants' and cease and desist the practices

11   constituting this violation of the Brown Act.

12   152.    For the reasons stated above, the Defendant's "non-open and public" actions

13   taken must be declared null and void, pursuant to Government Code § 54960.1(a).

14   153.    Furthermore, for the reasons stated above, and because the Defendant refuses to

15   make an unconditional commitment to cease and desist the practices constituting this

16   violation of the Brown Act, a controversy exists regarding the Defendants' past

17   compliance with the Brown Act, and the Defendants' are likely to continue such

18   violations of the Brown Act.

19   **SEVENTH CAUSE OF ACTION**

20   **(VIOLATION OF FEHA (GOVERNMENT § 12900, *ET SEQ.*) (RACE**

21   **HARASSMENT)—AGAINST ALL**

22   **DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

23   154.    The allegations set forth in paragraphs above are re-alleged and incorporated

24   Herein by reference.

25   155.    Defendants' conduct, as alleged, violated FEHA, Government Code section

26   12900, *et seq.*, and defendants committed unlawful employment practices, including by

27   the following bases for liability:

a.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's race, national origin, and/or color, in violation of Government Code section 12940(j);

b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on race, national origin, and/or color, in violation of Government Code section 12940(k).

156.  As a proximate result of defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

157.  As a proximate result of defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

158.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

159.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (SEXUAL ORIENTATION DISCRIMINATION)—AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

160.  The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

161.  Plaintiff's sexual orientation and/or other characteristics protected by FEHA, Government Code section 12900, et seq., were motivating factors in defendants'

decision not to retain, hire, or otherwise employ Plaintiff in any position and/or to take other adverse employment action, including employment termination, against Plaintiff.

162.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and defendants committed unlawful employment practices, including by the following separate bases for liability:

    a.  Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual and/or perceived sexual orientation and/or other protected characteristics, in violation of Government Code section 12940(a);

    b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of actual and/or perceived sexual orientation, in violation of Government Code section 12940(k);

    c.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

163.    As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

164.    As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

165.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

166.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover

reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### NINTH CAUSE OF ACTION

### (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.)

### (MARITAL STATUS DISCRIMINATION)—AGAINST ALL DEFENDANTS

### AND DOES 1 TO 10, INCLUSIVE)

167.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

168.    Plaintiff's marital status and/or other characteristics protected by FEHA,

169.    Government Code section 12900, et seq., were motivating factors in defendants' decision not to retain, hire, or otherwise employ Plaintiff in any position and/or to take other adverse employment action, including employment termination, against Plaintiff.

170.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and defendants committed unlawful employment practices, including by the following separate bases for liability:

a.    Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual and/or perceived marital status and/or other protected characteristics, in violation of Government Code section 12940(a);

b.    Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of actual and/or perceived marital status, in violation of Government Code section 12940(k);

c.    Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

171.    As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

172.    As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

173.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

174.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## TENTH CAUSE OF ACTION

## (VIOLATION OF FEHA (GOVERNMENT CODE § 12940(K) (FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION)— AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

175.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

176.    At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

177.    During the course of Plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff's being treated

1   less favorably because of Plaintiff's protected status (i.e., his race, national origin, color,

2   sexual orientation, and/or marital status). During the course of Plaintiff's employment,

3   defendants failed to prevent their employees from engaging in unjustified employment

4   practices against employees in such protected classes. During the course of Plaintiff's

5   employment, defendants failed to prevent a pattern and practice by their employees of

6   intentional discrimination and harassment on the bases of race, national origin, color,

7   sexual orientation, marital status, and/or other protected statuses or protected activities.

8   178.   Plaintiff believes and on that basis alleges that his race, national origin, color,

9   sexual orientation, marital status, and/or other protected status and/or protected activity

10   were substantial motivating factors in defendants' employees' discrimination against

11   and harassment of him.

12   179.   As a proximate result of defendants' willful, knowing, and intentional

13   misconduct, Plaintiff has sustained and continues to sustain substantial losses of

14   earnings and other employment benefits.

15   180.   As a proximate result of defendants' willful, knowing, and intentional

16   misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional

17   distress, and physical and mental pain and anguish, all to his damage in a sum according

18   to proof.

19   181.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

20   Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover

21   reasonable attorneys' fees and costs (including expert costs) in an amount according to

22   proof.

23   182.   Defendants' misconduct was committed intentionally, in a malicious, despicable,

24   oppressive, fraudulent manner, entitling Plaintiff to punitive damages against

25   defendants.

26   **ELEVENTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF**

27   **EMOTIONAL DISTRESS—AGAINST ALL DEFENDANTS AND DOES 1 TO**

28   **10, INCLUSIVE)**

183.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

184.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

185.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

186.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

187.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

188.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWELFTH CAUSE OF ACTION (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY)—AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

189.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

190.    Plaintiff's complaints to defendants about sexual harassment, as well as actual and/or perceived sexual orientation, marital status, race, and/or other characteristics protected by FEHA, Government Code section 12900, et seq., were motivating factors in defendants' decision not to retain, hire, or otherwise employ Plaintiff in any position

1  and/or to take other adverse employment action, including constructive employment

2  termination, against Plaintiff.

3  191.      Defendants' agents and supervisors frequently made extremely inappropriate,

4  sexually explicit comments in front of Plaintiff.

5  192.      Plaintiff complained to defendants about the inappropriate comments, but

6  nothing was done. On the basis of the above, Plaintiff believes and alleges that

7  defendants retaliated against him for his complaints of sexual harassment.

8  193.      Plaintiff complained to defendants of the sexual harassment he experienced.

9  Thereafter, defendants retaliated against Plaintiff by harassing him and taking adverse

10  employment actions against him, in major part because he reported the sexual

11  harassment.

12  194.      Plaintiff's actual and/or perceived sexual orientation, marital status, race, and/or

13  other characteristics protected by FEHA, Government Code section 12900, et seq., were

14  motivating factors in defendants' decision not to retain, hire, or otherwise employ

15  Plaintiff in any position and/or to take other adverse employment action, including

16  constructive employment termination, against Plaintiff.

17  195.      Defendants' conduct, as alleged, violated FEHA, Government Code section

18  12900, et seq., and defendants committed unlawful employment practices, including by

19  the following, separate bases for liability:

20  a.  Barring, discharging, refusing to transfer, retain, hire, select, and/or employ,

21  and/or otherwise discriminating against Plaintiff, in whole or in part on the basis

22  of Plaintiff's actual and/or perceived sexual orientation, marital status, race,

23  and/or other protected characteristics, in violation of Government Code section

24  12940(a);

25  b.  Retaliating against Plaintiff for his complaints to defendants about the sexual

26  harassment he was experiencing by taking adverse employment actions against

27  him, in violation of Government Code section 12940(f);

28

1    c.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in
2        part on the basis of Plaintiff's actual and/or perceived sexual orientation, marital
3        status, race, and/or other protected characteristics, in violation of Government
4        Code section 12940(j);
5    d.  Failing to take all reasonable steps to prevent discrimination, harassment, and
6        retaliation on the basis of actual and/or perceived sexual orientation, marital
7        status, and race, in violation of Government Code section 12940(k);
8    e.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under
9        FEHA and/or opposing defendant's failure to recognize such rights, including
10       the right to be free of discrimination, in violation of Government Code section
11       12940(h).

12  196.   As a proximate result of defendants' willful, knowing, and intentional
13  discrimination against Plaintiff, Plaintiff has sustained and continues to sustain
14  substantial losses of earnings and other employment benefits.

15  197.   As a proximate result of defendants' willful, knowing, and intentional
16  discrimination against Plaintiff, Plaintiff has suffered and continues to suffer
17  humiliation, emotional distress, and physical and mental pain and anguish, all to his
18  damage in a sum according to proof.

19  198.   Defendants' misconduct was committed intentionally, in a malicious, despicable,
20  oppressive, fraudulent manner, entitling Plaintiff to punitive damages against
21  defendants.

22  199.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

23  200.   Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover
24  reasonable attorneys' fees and costs (including expert costs) in an amount according to
25  proof.

26  **THIRTEENTH CAUSE OF ACTION NEGLIGENT HIRE AND RETENTION**

27  **(AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

28

201.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

202.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

203.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

204.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

205.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

206.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

207.     CSU east bay failed to hire a confidential advocate that could service Plaintiff to write a complaint about the school

208.     Kim baker-flowers was made aware of the report of harassment and sexual battery, retaliation, harassment, and abuse on or about April 24, 2021. She was indifferent to these allegations by introducing me to a confidential advocate named Cheronn Ford that she knew could not provide services to me on April 27, 2021.

209.     Kim baker-flowers knew that Confidential Advocate could not service me according to a previous meeting that the advocate and Baker-Flowers had on or about April 2021.

**FOURTEENTH CAUSE OF ACTION 230.1 DOMESTIC VIOLENCE LEAVE (INCLUDES VICTIMS OF STALKING PER SB 288) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

210.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

211.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

212.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

213.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

214.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

215.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**FIFTEENTH CAUSE OF ACTION WHISTLEBLOWER PROTECTION ACT (CA), GOV. CODE §§ 9149.20-23, 8547.1-12. CAL GOV CODE§§ 8548.1-5. WHISTLEBLOWER HEALTH AND SAFETY CODE § 1278.5; HEALTH & SAFETY CODE §53298 (HEALTH & SAFETY); WHISTLEBLOWERS ALSO PROTECTED UNDER C/L (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

216.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

217.      Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff
constituted severe and outrageous misconduct and caused Plaintiff extreme emotional
distress.

218.      Defendants were aware that treating Plaintiff in the manner alleged above,
including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him
extreme hardship.

219.      As a proximate result of defendants' extreme and outrageous conduct, Plaintiff
has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and
continues to sustain substantial losses of earnings and other employment benefits as a
result of being emotionally distressed.

220.      As a proximate result of defendants' extreme and outrageous conduct, Plaintiff
has suffered and continues to suffer humiliation, emotional distress, and mental and
physical pain and anguish, all to his damage in a sum according to proof.

221.      Defendants' misconduct was committed intentionally, in a malicious, oppressive,
fraudulent manner, entitling Plaintiff to punitive damages.

## SIXTEENTH CAUSE OF ACTION CIVIL CONSPIRACY TO VIOLATE 18 U.S. Code § 241 & California Penal Code § 141 PC (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

222.      The allegations set forth in paragraphs above are re-alleged and incorporated
herein by reference.

223.      Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff
constituted severe and outrageous misconduct and caused Plaintiff extreme emotional
distress.

224.      Defendants were aware that treating Plaintiff in the manner alleged above,
including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him
extreme hardship.

225.      As a proximate result of defendants' extreme and outrageous conduct, Plaintiff
has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

1   continues to sustain substantial losses of earnings and other employment benefits as a

2   result of being emotionally distressed.

3   226.   As a proximate result of defendants' extreme and outrageous conduct, Plaintiff

4   has suffered and continues to suffer humiliation, emotional distress, and mental and

5   physical pain and anguish, all to his damage in a sum according to proof.

6   227.   Defendants' misconduct was committed intentionally, in a malicious, oppressive,

7   fraudulent manner, entitling Plaintiff to punitive damages.

8   **SEVENTEENTH CAUSE OF ACTION IMPROPER USE OF CONSUMER**

9   **CREDIT REPORT (CIV. CODE § 1785.1) (AGAINST ALL DEFENDANTS AND**

10   **DOES 1 TO 10, INCLUSIVE)**

11   228.   The allegations set forth in paragraphs above are re-alleged and incorporated

12   herein by reference.

13   229.   Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff

14   constituted severe and outrageous misconduct and caused Plaintiff extreme emotional

15   distress.

16   230.   Defendants were aware that treating Plaintiff in the manner alleged above,

17   including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him

18   extreme hardship.

19   231.   As a proximate result of defendants' extreme and outrageous conduct, Plaintiff

20   has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

21   continues to sustain substantial losses of earnings and other employment benefits as a

22   result of being emotionally distressed.

23   232.   As a proximate result of defendants' extreme and outrageous conduct, Plaintiff

24   has suffered and continues to suffer humiliation, emotional distress, and mental and

25   physical pain and anguish, all to his damage in a sum according to proof.

26   233.   Defendants' misconduct was committed intentionally, in a malicious, oppressive,

27   fraudulent manner, entitling Plaintiff to punitive damages.

28

**EIGHTEENTH CAUSE OF ACTION IMPROPER USE OF INVESTIGATIVE REPORT (CIV. CODE § 1786) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

234.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

235.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

236.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

237.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

238.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

239.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**NINETEENTH CAUSE OF ACTION FALSE LIGHT (INVASION OF PRIVACY) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

240.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

241.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

242.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

243.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

244.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

245.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTIETH CAUSE OF ACTION IMPROPER DISCLOSURE OF HEALTH/MEDICAL INFORMATION (CIV. CODE § 56.20, HIPAA) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

246.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

247.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

248.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

249.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

250.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

251.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY FIRST CAUSE OF ACTION IMPROPER DISCLOSURE OF SOCIAL SECURITY NUMBER (CIV. CODE § 1798.85) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

252.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

253.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

254.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

255.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

256.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

257.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY SECOND CAUSE OF ACTION § 201 WAGES DUE ON TERMINATION (IMMEDIATE) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

258.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

259.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

260.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

261.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

262.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

263.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY THIRD CAUSE OF ACTION 10 WILLFUL FAILURE TO PAY – SEE ALSO LAB. CODE §§ 2698 AND 225.5 (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

264.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

265.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

266.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

267.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

268.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

269.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY FOURTH CAUSE OF ACTION § 215 MAKES FAILURE TO PAY WAGES DUE A MISDEMEANOR (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

270.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

271.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

272.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

273.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

274.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

275.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY FIFTH CAUSE OF ACTION NEGLIGENT ACT OF THIRD PARTY-CHERONN FORD WAS A THIRD PARTY CONTRACTOR AS THE CONFIDENTIAL ADVOCATE (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

276.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

277.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

278.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

279.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

280.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

281.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY SIXTH CAUSE OF ACTION GIGUX DOCTRINE (NEGLIGENT ACT OF SEPARATE BUT RELATED ENTITY) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

282.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

283.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

284.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

285.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

286.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

287.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY SEVENTH CAUSE OF ACTION PECULIAR RISK OF HARM**

**(AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

288.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

289.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

290.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

291.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

1   continues to sustain substantial losses of earnings and other employment benefits as a

2   result of being emotionally distressed.

3   292.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff

4   has suffered and continues to suffer humiliation, emotional distress, and mental and

5   physical pain and anguish, all to his damage in a sum according to proof.

6   293.     Defendants' misconduct was committed intentionally, in a malicious, oppressive,

7   fraudulent manner, entitling Plaintiff to punitive damages.

8   **TWENTY EIGHTH CAUSE OF ACTION NEGLIGENT SELECTION OF**

9   **CONTRACTOR (AGAINST ALL DEFENDANTS AND DOES 1 TO 10,**

10  **INCLUSIVE)**

11  294.     The allegations set forth in paragraphs above are re-alleged and incorporated

12  herein by reference.

13  295.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff

14  constituted severe and outrageous misconduct and caused Plaintiff extreme emotional

15  distress.

16  296.     Defendants were aware that treating Plaintiff in the manner alleged above,

17  including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him

18  extreme hardship.

19  297.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff

20  has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

21  continues to sustain substantial losses of earnings and other employment benefits as a

22  result of being emotionally distressed.

23  298.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff

24  has suffered and continues to suffer humiliation, emotional distress, and mental and

25  physical pain and anguish, all to his damage in a sum according to proof.

26  299.     Defendants' misconduct was committed intentionally, in a malicious, oppressive,

27  fraudulent manner, entitling Plaintiff to punitive damages.

28

**TWENTY NINTH CAUSE OF ACTION UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17500 ET SEQ.) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

300.  The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

301.  Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

302.  Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

303.  As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

304.  As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

305.  Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

306.  Violation of business tort Section 17200 California's Unfair Competition Law
    a.  Unlawful
    b.  Unfair
    c.  Fraudulent
        i.  On or about May 5, 2023 Plaintiff asked for copies of his personnel, payroll, and time sheet records from Human Resources & payroll
        ii.  On or about May 5, 2023, Plaintiff was asked to create his own pay stub by Larry Lee
        iii.  On or about May 2023, Plaintiff was made aware that the CSU failed to report the Plaintiffs paperwork and status to the CSU Union.

iv. On or about May 2023, Nicholas Baham contacted the Plaintiff, as the department chair of the department that the Plaintiff worked for, with incorrect work information and failed to provide any official documentation regarding the Plaintiffs personnel, payroll, and timesheet records.

v. On or about May 2023, Larry Lee provided incorrect and incomplete information as to the Plaintiff's personnel, payroll, and timesheet records.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**ON THE BREACH OF CONTRACT AND IMPLIED COVENANT CLAIMS:**

1. An award of damages against Defendants for actual and incidental damages and interest thereon, including for breach of contract and/or breach of the implied covenant of good faith and fair dealing.

2. Recovery of sums available through quantum meruit and/or unjust enrichment verdicts.

**ON THE BROWN ACT VIOLATIONS:**

3. A declaration that Defendants violated the Brown Act through the actions taken.

4. A declaration ordering the Defendants' to invalidate the actions taken in violation of the Brown Act.

5. An injunction enjoining the Defendants' from committing Brown Act violations detailed herein.

6. An order compelling Defendants' to provide an unconditional assurance per Government Code § 54960.2 that Defendants' will hereafter comply with the Brown Act.

**FIRST CAUSE OF ACTION**

7. For damages in the amount to be determined.

**SECOND CAUSE OF ACTION**

8. For damages in the amount of to be determined.

**THIRD CAUSE OF ACTION**

9. For damages in the amount of to be determined.

## FOURTH CAUSE OF ACTION

10. For damages in the amount of to be determined.

## FIFTH CAUSE OF ACTION

11. For damages in the amount of to be determined.

## SIXTH CAUSE OF ACTION

12. For damages in the amount of to be determined.

## SEVENTH CAUSE OF ACTION

13. For damages in the amount of to be determined.

## EIGHTH CAUSE OF ACTION

14. For damages in the amount of to be determined.

## NINTH CAUSE OF ACTION

15. For damages in the amount of to be determined.

## TENTH CAUSE OF ACTION

16. For damages in the amount of to be determined.

## ELEVENTH CAUSE OF ACTION

17. For damages in the amount of to be determined.

## TWELTH CAUSE OF ACTION

18. For damages in the amount of to be determined.

## THIRTEENTH CAUSE OF ACTION

19. For damages in the amount of to be determined.

## FOURTEENTH CAUSE OF ACTION

20. For damages in the amount of to be determined.

## FIFTEENTH CAUSE OF ACTION

21. For damages in the amount of to be determined.

## SIXTEENTH CAUSE OF ACTION

22. For damages in the amount of to be determined.

## SEVENTEENTH CAUSE OF ACTION

23. For damages in the amount of to be determined.

### EIGHTEENTH CAUSE OF ACTION

24. For damages in the amount of to be determined.

### NINETEENTH CAUSE OF ACTION

25. For damages in the amount of to be determined.

### TWIENTIETH CAUSE OF ACTION

26. For damages in the amount of to be determined.

### TWENTY-FIRST CAUSE OF ACTION

### VERIFICATION

I am the Plaintiff in this action. I have read the above FIRST AMENDED COMPLAINT FOR DAMAGES DUE TO BREACH OF CONTRACT, INTENTIONAL TORT, NEGLIGENCE, RETALIATION, VIOLATIONS OF THE BROWN ACT, (VIOLATION OF FEHA (GOVERNMENT § 12900, *ET SEQ.*) (RACE HARASSMENT, (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (SEXUAL ORIENTATION DISCRIMINATION), (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (MARITAL STATUS DISCRIMINATION), (VIOLATION OF FEHA (GOVERNMENT CODE § 12940(K) (FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION), (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY); NEGLIGENT HIRE AND RETENTION; 230.1 DOMESTIC VIOLENCE LEAVE (INCLUDES VICTIMS OF STALKING PER SB 288); WHISTLEBLOWER PROTECTION ACT (CA), GOV. CODE §§ 9149.20-23, 8547.1-12. CAL GOV CODE §§ 8548.1-5. WHISTLEBLOWER HEALTH AND SAFETY CODE § 1278.5; HEALTH & SAFETY CODE §53298 (HEALTH & SAFETY); WHISTLEBLOWERS ALSO PROTECTED UNDER C/L.; UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17500 ET SEQ.); CIVIL CONSPIRACY TO VIOLATE [ADD TORT] (NOT FREESTANDING, MUST BE PAIRED WITH VIOLATION OF A LAW; IMPROPER USE OF CONSUMER CREDIT REPORT (CIV. CODE § 1785.1); IMPROPER USE OF INVESTIGATIVE REPORT (CIV. CODE § 1786); FALSE LIGHT (INVASION OF PRIVACY); IMPROPER DISCLOSURE OF HEALTH/MEDICAL INFORMATION (CIV. CODE § 56.20, HIPAA); IMPROPER DISCLOSURE OF SOCIAL SECURITY NUMBER (CIV. CODE § 1798.85) 11. § 201 WAGES DUE ON TERMINATION (IMMEDIATE); 10 WILLFUL FAILURE TO PAY - SEE ALSO LAB. CODE §§ 2698 AND 225.5 • § 215 MAKES FAILURE TO PAY WAGES DUE A MISDEMEANOR; NEGLIGENT ACT OF THIRD PARTY • GIGUX DOCTRINE (NEGLIGENT ACT OF SEPARATE BUT RELATED ENTITY); PECULIAR RISK OF HARM; NEGLIGENT SELECTION OF CONTRACTOR and know its contents. The matters stated in the answer are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

**Ready Post.**

D o c u m e n t   M a i l e r

osc

From:
2181 NATOMAS CROSSING DR
STE 800-392
SACRAMENTO CA 95834

To: KIRAN ARUSA
1900 E ST NW,
WASHINGTON DC 20415

$2.31