UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 23-cv-04562-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 21 |

Pro se Plaintiff Matthew Morris failed to respond to CSU Defendants' Motion to Dismiss, Dkt. No. 6, or the Court's Orders to Show Cause, Dkt. No. 23, 29. The Court **DISMISSES** Plaintiff's case **WITHOUT PREJUDICE** for failure to prosecute.

I.   **BACKGROUND**

On March 13, 2023, Plaintiff filed this action in Alameda County Superior Court alleging misconduct related to his experiences as a student and employee at the California State University, East Bay. Dkt. No. 10 at 2. Plaintiff and the CSU Defendants "engaged in motion practice regarding the Complaint," which led the superior court to grant the CSU Defendants' demurrer with leave to amend.[1] *Id*. On July 18, 2023, Plaintiff filed an amended complaint, adding "new causes of action" and naming new defendants, "including federal defendants."[2] *Id*. On August

---

[1] The "CSU Defendants" consist of: the Board of Trustees of the California State University, which is the State of California acting in its higher education capacity ("CSU"), CSUEB President Cathy Sandeen, Terri LaBeaux, Mitch Watnik, Maureen Scharberg, Danvy Le, Amy Below, Luz Calvo, and Jerome Narvaez.

[2] The "Federal Defendants" consist of: Kiran Ahuja, in her official capacity as the director of the U.S. Office of Personnel Management; the U.S. Office of Personnel Management; Shalanda Young, in her official capacity as the director the U.S. Office of Management and Budget; U.S. Office of Management and Budget; Christopher Wray, in his official capacity as the director of the

22, 2023, the CSU Defendants filed a demurrer and a motion to strike portions of Plaintiff's amended complaint. Before the superior court had an opportunity to resolve the CSU Defendants' motion, the Federal Defendants removed the case to federal court on September 6, 2023, and filed a motion to dismiss for lack of jurisdiction on September 13, 2023. Dkt. No. 1 at 2 ("Notice of Removal"); Dkt. No. 6. That same day, the CSU Defendants filed an administrative motion requesting leave to convert their pending state court demurrer into a Rule 12(b) motion to dismiss the amended complaint. Dkt. No. 10. The Court granted their motion on September 25, 2023, Dkt. No. 18, and the CSU Defendants filed their motion to dismiss on October 13, 2023. Dkt. No. 21.

The deadline for Plaintiff to respond to Federal Defendants' motion to dismiss was October 6, 2023. *See* Dkt. No. 20 at 2. Plaintiff did not file an opposition (or statement of non-opposition) by (or after) that deadline. The deadline for Plaintiff to respond to CSU Defendants' motion to dismiss was October 27, 2023. *See* Dkt. No. 20 at 2. Plaintiff did not file an opposition (or statement of non-opposition) by (or after) that deadline, either.

On October 31, 2023, the Court issued an order directing Plaintiff to show cause why the Federal and CSU Defendants' motions to dismiss "should not be granted or, in the alternative, why the case should not be dismissed for failure to prosecute," and informing Plaintiff "that he can seek assistance at the Legal Help Center." Dkt. No. 23 ("OSC"). Plaintiff's response to the OSC was due by November 21, 2023, but he did not respond as ordered by (or after) that deadline. Around that time, however, Mr. Morris did stipulate to the Federal Defendants' dismissal (which resolved their pending motion to dismiss, Dkt. Nos. 6 & 17). *See* Dkt. No. 26. Given his participation in this filing, the Court issued another order on December 13, 2023 directing Plaintiff to "show cause why the Court should not grant the CSU Defendants' motion to dismiss, Dkt. No. 21, or, alternatively, dismiss the case in light of his failure to prosecute this action." Dkt. No. 29. The Court informed Plaintiff that this was his "final opportunity to explain his noncompliance and nonparticipation in the case" and that a failure to respond would lead to the case's dismissal. Dkt.

---

Federal Bureau of Investigation; and the Federal Bureau of Investigation. *See* Dkt. No. 1.

No. 29 at 2.  The Court again advised Plaintiff that he could seek free legal assistance through the Legal Help Center.  *Id*. at 3.  No response was received by (or after) the December 22, 2023 response deadline.

## II. LEGAL STANDARD

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts must weigh five factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *See Ferdik*, 963 F.2d at 1260–61.  A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred.  *Id*. at 1261.  Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

## III. DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  The Court finds that here, Plaintiff's ongoing lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation."  *See id*.  Plaintiff's deadline to respond to the CSU Defendants' motion was nearly two months ago, and his deadlines to file responses to the Court's two orders to show cause (Dkt. Nos. 23 & 29) have similarly come and gone.  There is no indication that any response is forthcoming, or that

3

1 Plaintiff's non-engagement with these judicial proceedings has been due to extenuating but
2 temporary circumstances. Since ongoing non-responsiveness is anathema to expeditious
3 resolution of this or any judicial matter, this factor weighs in favor of dismissal.
4       Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject
5 to routine noncompliance" of litigants. *See id*. (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he
6 trial judge is in the best position to determine whether the delay in a particular case interferes with
7 docket management and the public interest." *Id*. Here, Plaintiff has demonstrated routine
8 noncompliance. Plaintiff has repeatedly failed to meet deadlines or respond to Defendants'
9 motion. Plaintiff's conduct "has consumed some of the court's time that could have been devoted
10 to other cases on the docket." *See id*. This factor therefore weighs in favor of dismissal.
11       Third, "[i]n determining whether a defendant has been prejudiced, [courts] examine
12 whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere
13 with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir.
14 1987). "Whether prejudice is sufficient to support an order of dismissal is in part judged with
15 reference to the strength of the plaintiff's excuse for the default." *Id*. (citation omitted). In
16 *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the
17 district court found the plaintiff's excuse for her failure to comply with a pretrial order to be
18 "groundless," justifying dismissal. *Id*. And in *Yourish*, which also involved plaintiffs who failed
19 to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice"
20 where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their
21 complaint. 191 F.3d at 991–92.
22       Here, Plaintiff has provided *no* explanation for his conduct – conduct which has impeded
23 his case's due progress. Though the delay at issue here is not yet as extreme as in other
24 circumstances, *see e.g.*, *Scarlett v. Coughlin,* No. 22-CV-06992-HSG, 2023 WL 5988594 (N.D.
25 Cal. Sept. 14, 2023), there is no indication that anything will change. Unlike in *Scarlett,* where the
26 plaintiff at least was in contact with the Court to request extensions, Plaintiff Morris has not
27 engaged with the Court at all. The Court finds that it would be prejudicial to force the CSU
28 Defendants to wait indefinitely for the case to proceed (in a forum to which they never consented,

4

no less) based on the speculative possibility that Plaintiff will change his course and begin prosecuting his case. This factor weighs in favor of dismissal.

Fourth, the Court has attempted to use less drastic alternatives that have proven ineffective. The Court has entered two OSCs that expressly warned Plaintiff that his case was at risk of dismissal for failure to prosecute. *See* Dkt. Nos. 23 & 29. The same orders also informed Plaintiff that he could seek assistance from the pro se help desk, and provided the information necessary for him to do so. *Id*. This factor thus weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Last, because "[p]ublic policy favors disposition of cases on the merits . . . this factor weighs against dismissal." *See Pagtalunan*, 291 F.3d at 643. This is true here, where Plaintiff would be precluded from litigating his claims due to his failure to prosecute.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.

## IV.  CONCLUSION

The Court **DISMISSES** the case **WITHOUT PREJUDICE** for failure to prosecute. The Clerk is **DIRECTED** to enter judgment in favor of the CSU Defendants and to close the case.

This order **TERMINATES** the CSU Defendant's motion to dismiss. Dkt. No. 21.

**IT IS SO ORDERED.**

Dated:   1/2/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

5