UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MORRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>  Defendants. | Case No. 23-cv-04562-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART THE CSU DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 21, 34 |

Pending before the Court is the CSU Defendants' motion to dismiss, Dkt. No. 21, and Plaintiff's motion to remand, Dkt. No. 34. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** Plaintiff's motion to remand and **GRANTS IN PART and DENIES IN PART** the CSU Defendants' motion to dismiss.

**I.   BACKGROUND**

In its January 2, 2024 order dismissing the case for failure to prosecute, the Court laid out this case's procedural background from its removal in March 2023 through the beginning of this year. Dkt. No. 31. While it will not retread that procedural ground, the Court briefly summarizes the subsequent developments as follows.

After the Court dismissed the case and the Clerk entered judgment in favor of the CSU Defendants, Plaintiff Matthew Morris filed a motion for permission to e-file documents, a motion to remand, and a response to the Court's December 13, 2023 order to show cause.[1] *See* Dkt. Nos.

---

[1] The "CSU Defendants" consist of: the Board of Trustees of the California State University, which is the State of California acting in its higher education capacity ("CSU"), CSUEB President

1  33 (motion to e-file), 34 (motion to remand), 35 (response to OSC).  On January 8, Plaintiff filed a
2  motion for relief from judgment, explaining that serious medical issues had prevented him from
3  prosecuting his case, and requesting that the case be reopened.  Dkt. No. 36.  Based on Plaintiff's
4  explanation, which was supported by documentation, the Court granted Plaintiff's motion, ordered
5  the case re-opened, and set aside the previously entered judgment.  Dkt. No. 37.  In that same
6  order, the Court also established a briefing schedule for the then-revived CSU Defendants' motion
7  to dismiss, Dkt. No. 21 ("MTD"), and Plaintiff's then-pending motion to remand, Dkt. No. 34
8  ("Remand Mot.").  In compliance with the briefing schedule, the CSU Defendants filed an
9  opposition to Plaintiff's motion to remand on January 24, 2024.  Dkt. No. 38 ("Remand Opp.").
10 Plaintiff timely filed an opposition to the CSU Defendants' motion to dismiss on February 7, Dkt.
11 No. 39 ("MTD Opp."), and the CSU Defendants timely filed a Reply on February 14, Dkt. No. 30
12 ("MTD Reply").  On February 24, 2024, Plaintiff filed another (but not identical) opposition to the
13 CSU Defendants' motion to dismiss.  Dkt. No. 42 ("MTD Opp. II").  The Court took the motions
14 under submission on March 6, 2024.  Dkt. No. 44.

## II.     LEGAL STANDARD

### A.     Motion to Remand

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case.  *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The party seeking removal bears the burden of establishing federal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683–685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

---

Cathy Sandeen, Terri LaBeaux, Mitch Watnik, Maureen Scharberg, Danvy Le, Amy Below, Luz Calvo, and Jerome Narvaez

**B.     Motion to Dismiss Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). In addition, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

1     Even if the court concludes that a 12(b)(6) motion should be granted, the "court should
2     grant leave to amend even if no request to amend the pleading was made, unless it determines that
3     the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
4     F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**III.   DISCUSSION**

    **A.   Motion to Remand**

The Court first addresses the jurisdictional challenge raised in Plaintiff's motion to remand. Plaintiff argues that because the Federal Defendants were dismissed from the case after its removal, "remanding this case back to Dept. 17 of the Alameda County Superior Court would be least burdensome to the plaintiff as well as the defendant." Remand Mot. at 4. In their opposition, the CSU Defendants argue that the Court has jurisdiction over the matter despite the dismissal of the Federal Defendants, and that the "values of economy, convenience, fairness, and comity" would be best served by the Court retaining that jurisdiction and ruling on the CSU Defendants' motion to dismiss. Remand Opp. at 4.

The Court, after considering the question, concludes that it has jurisdiction over this case.[2] As a threshold matter, it is undisputed that at time the Federal Defendants filed a notice of removal, removal was proper on the grounds they cited – the federal officer removal statute.[3] *See* Dkt. No. 1 at ¶¶ 8–11 (removal notice discussing 28 U.S.C. § 1442(a)(1)). The Ninth Circuit has explained that "[i]t is well settled that 'post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing.'" *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863 (9th Cir. 2013). Applying this to the removal context, as *Visendi* did, means that the

---

[2] To be clear, Plaintiff has not suggested that the Court currently lacks jurisdiction. He has instead argued that "with all federal employees and agencies dismissed from the case," remand would be "harmless." Remand Mot. at 4. Nevertheless, given that cases "shall" be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court construes Plaintiff's motion as a challenge to its jurisdiction and accordingly assesses the propriety of continued litigation in federal court. 28 U.S.C. § 1447(c).

[3] The "Federal Defendants" consist of: Kiran Ahuja, in her official capacity as the director of the U.S. Office of Personnel Management; the U.S. Office of Personnel Management; Shalanda Young, in her official capacity as the director the U.S. Office of Management and Budget; U.S. Office of Management and Budget; Christopher Wray, in his official capacity as the director of the Federal Bureau of Investigation; and the Federal Bureau of Investigation. Dkt. No. 1.

Federal Defendants' post-removal dismissal does not destroy the Court's jurisdiction since jurisdiction was proper *at the time of* removal. It just means that "the court has discretion whether to exercise supplemental jurisdiction over the remaining state claims" now that the Federal Defendants are out of the case.[4] *Chapman v. Bank of Am., N.A.*, No. C 14-03412 LB, 2014 WL 4954208, at *5 (N.D. Cal. Sept. 30, 2014). Moreover, the fact that Plaintiff brings two causes of actions against the CSU Defendants under *federal* law means that the Court has original federal question jurisdiction over those two claims pursuant to 28 U.S.C. § 1331. Whether the Court will elect in its discretion to exercise supplemental jurisdiction over Plaintiff's related state law claims depends on the viability of Plaintiff's two federal causes of action, as analyzed below.

At this point, since it is satisfied that it has jurisdiction over this case, the Court **DENIES** Plaintiff's motion to remand.

### B.  Motion to Dismiss

The Court begins by assessing whether the claims over which is has original jurisdiction are viable, and concludes neither one is.

Two of Plaintiff's twenty-nine causes of action invoke a federal claim. His sixteenth cause of action is labeled "Civil Conspiracy to Violate 18 U.S. Code § 241" (as well as California Penal Code § 141), and his twentieth cause of action is titled "improper disclosure of health/medical information" under HIPAA (as well as Civ. Code § 56.20). The headings are the only hints suggesting the possible federal nature of the claims: the allegations that supposedly describe the Sixteenth and Twentieth causes of action are identical to one another (*and* to the allegations describing causes of action Seventeenth through Twenty-Eight), and discuss only in general terms Defendants' allegedly "discretionary, harassing and retaliatory actions" and the emotional distress

---

[4] The CSU Defendants' opposition discusses disagreement in other circuits as to the nature of the jurisdiction that district courts retain over state law claims following the post-removal dismissal of federal officers. *See* Remand Opp. at 3. They discuss the Fifth Circuit's holding that in such a circumstance, the entire suit remains within the court's (mandatory) original jurisdiction, and the Third Circuit's different conclusion that that the court retains (discretionary) supplemental jurisdiction. However, the CSU Defendants do not actually argue that this Court has original jurisdiction over Plaintiff's entire case. Since they do not raise that argument, and since the Ninth Circuit has not spoken on the question, the Court will assume without deciding that following the post-removal dismissal of the Federal Defendants, it did not retain *original* jurisdiction over the entirety of Plaintiff's overwhelmingly state law-based case.

1    those actions caused.  *See* Compl. ¶ 222-27 (alleging civil conspiracy to violate 18 U.S.C. § 241),

2    ¶¶ 246-51 (alleging improper disclosure of health information under HIPAA).  They do not, in

3    other words, discuss unlawful conspiracy or medical document disclosure.

4           And consulting the remainder of the complaint clarify any of these causes of action.  As

5    relates to civil conspiracy claim, the most germane allegation is found in Paragraph 17, which

6    states that "Sule also stated that she was forced into conspiracy to harm the Plaintiff by defendants

7    Animashaun, Fultz, Moore, and others."  But this allegation does not squarely address "who was

8    involved in a conspiracy, how they conspired together, and what acts they took in furtherance of

9    the conspiracy, especially as it relates to the cited statutes."  MTD at 21.  And as for the improper

10   disclosure claim, the Court does not identify anything in the complaint alleging "what specific

11   medical information was disclosed, when, and how."  Mot. at 23.  Even if had, however, the CSU

12   Defendants are correct that there is no private right of action for a violation of HIPAA.  *Webb v.*

13   *Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (quoting 65 Fed. Reg. 82601,

14   which states that "Under HIPAA, individuals do not have a right to court action.").  As a result,

15   both federal claims fall far short of the pleading standards necessary to state a claim for relief.

16   Accordingly, the Court will **GRANT** the CSU Defendants' motion to dismiss Plaintiff's sixteenth

17   and twentieth causes of action.  Since amendment of the HIPAA claim would be futile because no

18   such claim exists as a matter of law, however, the dismissal of that claim is without leave.  *See*

19   *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

20          Having dismissed Plaintiff's federal claims, the Court turns to consider his state ones.  As

21   is well established, a district court may decline to exercise supplemental jurisdiction if it has

22   dismissed all claims over which it has original jurisdiction.  28 U.S.C. 1367(c)(3).  "[I]n the usual

23   case in which all federal-law claims are eliminated before trial, the balance of factors to be

24   considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and

25   comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."

26   *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  This is that usual case, and the

27   Court will therefore decline supplemental jurisdiction and hold off on ruling on the viability of

28   Plaintiff's state law claims unless and until he states an actionable federal claim.  Accordingly, the

Court **DENIES** the CSU Defendants' motion to dismiss Plaintiff's state law claims without considering them at this time.

IV.  **CONCLUSION**

The Court **DENIES** Plaintiff's motion to remand, Dkt. No. 34, and **GRANTS IN PART and DENIES IN PART** the CSU Defendants' motion to dismiss, Dkt. No. 21.

The Court will grant Plaintiff leave to amend his complaint one final time, but will not permit him to add new parties or new causes of action (though he is certainly permitted to *remove* Defendants and causes of action).  Any amended complaint is due within 30 days of this order.  If, in any amended complaint, Plaintiff fails to adequately plead any federal claims or decides not to assert any federal claims, the Court advises the parties that it would be strongly disinclined to exercise supplemental jurisdiction over his state law claims, and would very likely remand the case to Alameda County Superior Court.

Finally, the Court again advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center in drafting an amended complaint.  The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants.  More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help.  Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated:  April 2, 2024

HAYWOOD S. GILLIAM, JR.
United States District Judge