1  Matthew Morris
2  2121 Natomas Crossing Drive, Suite 200-292
   Sacramento, CA 95834
3  mrmatthewmorris1990@gmail.com
   (916) 834-8443
4
   Pro Se
5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12  MATTHEW MORRIS,                          Case No.: 4:23-CV-04562-HSG

13          Plaintiff,

14      and                                  SECOND AMENDED COMPLAINT FOR
                                             DAMAGES DUE TO BREACH OF
15  BOARD OF TRUSTEES OF THE                 CONTRACT, INTENTIONAL TORT,
    CALIFORNIA STATE UNIVERSITY;             NEGLIGENCE, RETALIATION,
16  ROSALINA JOHNSON;                        VIOLATIONS OF THE BROWN ACT,
    TERRI LABEAUX;                           (VIOLATION OF FEHA
17  BIDEMI ANIMASHAUN;                       (GOVERNMENT § 12900, *ET SEQ.*)
    OLUWAFUNMILOLA SULE;                     (RACE HARASSMENT, (VIOLATION
18  CHRIS MOORE;                             OF FEHA (GOVERNMENT CODE §
    ESTHER FULTZ;                            12900, ET SEQ.) (SEXUAL
19  DANVY LE;                                ORIENTATION DISCRIMINATION),
    AMY BELOW;                               (VIOLATION OF FEHA
20  DEAN LUZ CALVO;                          (GOVERNMENT CODE § 12900, ET
    CATHY SANDEEN;                           SEQ.) (MARITAL STATUS
21  KIM BAKER-FLOWERS;                       DISCRIMINATION), (VIOLATION OF
    MITCH WATNIK;                            FEHA (GOVERNMENT CODE §
22  ANNDRETTA WILSON;                        12940(K) (FAILURE TO PREVENT
    MAUREEN SCHARBERG;                       DISCRIMINATION, HARASSMENT,
23  JEROME NARVAEZ;                          AND RETALIATION), (INTENTIONAL
    MARGUERITE HINRICHS; KATHY               INFLICTION OF EMOTIONAL
24  DEWITT; NICHOLAS BAHAM; LARRY            DISTRESS, AND (VIOLATION OF
    LEE; ERIKA DIAZ-APODACA; LEROY           FEHA (GOVERNMENT CODE § 12900,
25  MORISHITA AND DOES 1-10 inclusive,       ET SEQ.) (RETALIATION FOR
                                             ENGAGING IN PROTECTED
26                                           ACTIVITY); NEGLIGENT HIRE AND
                                             RETENTION; 230.1 DOMESTIC
27                                           VIOLENCE LEAVE (INCLUDES
                                             VICTIMS OF STALKING PER SB 288);
28                                           WHISTLEBLOWER PROTECTION
                                             ACT (CA), GOV. CODE §§ 9149.20-23,

---

**Defendants.**

**8547.1-12. CAL GOV CODE §§ 8548.1-5. WHISTLEBLOWER HEALTH AND SAFETY CODE § 1278.5; HEALTH & SAFETY CODE §53298 (HEALTH & SAFETY); WHISTLEBLOWERS ALSO PROTECTED UNDER C/L.; UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17500 ET SEQ; IMPROPER USE OF CONSUMER CREDIT REPORT (CIV. CODE § 1785.1); IMPROPER USE OF INVESTIGATIVE REPORT (CIV. CODE § 1786); FALSE LIGHT (INVASION OF PRIVACY); IMPROPER DISCLOSURE OF HEALTH/MEDICAL INFORMATION (CIV. CODE § 56.20, HIPAA); IMPROPER DISCLOSURE OF SOCIAL SECURITY NUMBER (CIV. CODE § 1798.85) 11. § 201 WAGES DUE ON TERMINATION (IMMEDIATE); 10 WILLFUL FAILURE TO PAY - SEE ALSO LAB. CODE §§ 2698 AND 225.5 • § 215 MAKES FAILURE TO PAY WAGES DUE A MISDEMEANOR; NEGLIGENT ACT OF THIRD PARTY • GIGUX DOCTRINE (NEGLIGENT ACT OF SEPARATE BUT RELATED ENTITY); PECULIAR RISK OF HARM; NEGLIGENT SELECTION OF CONTRACTOR**

(Complaint Demand: <$25,000)

**BY FAX**

Plaintiff alleges and complains as follows:

### INTRODUCTION, GENERAL ALLEGATIONS AND FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff's hiring: Plaintiff is a 32-year-old, African-American, bi-sexual male who began working as a lead research assistant for the Defendant. Plaintiff was also a student enrolled at California State University, East Bay which is governed by the Defendant.

2.  Plaintiff's job performance: Plaintiff began his employment around January 2021 until on or about June 2, 2021, and throughout his employment performed his duties above expectations, was well-liked by others, and excelled in his position.

3.  Plaintiff's protected status and activity:

    a.  Plaintiff is African American.

    b.  Plaintiff is bisexual.

    c.  Plaintiff complained of unlawful actions by Defendants.

Defendants' adverse employment actions and behavior:

4.  Plaintiff was employed by the Respondent from around January 2021 until on or about June 2, 2021. The plaintiff's job title was Lead Research Assistant, and the plaintiff's supervisor was Dr. Anndretta Wilson, Assistant Professor of Ethnic Studies, Black Studies, Feminism, and Community Engagement.

5.  On or about August 5, 2020, the plaintiff filed a Title IX complaint against two students at the University for sexual harassment and assault. However, the complaint was not fairly investigated. The plaintiff never received a notice of investigation. Additionally, the Respondent contacted his previous school in an attempt to gain slanderous information about him. The Respondent then used the untrue and unsubstantiated information to discredit his allegations. During the plaintiff's employment with Dr. Wilson, she refused to meet with him to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled him.

6.  She refused to discuss the work the plaintiff brought to the meetings, and she made comments to put the plaintiff down because of his race and sex. Dr. Wilson conspired to undermine the plaintiff's position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

7. Plaintiff later discovered that Dr. Wilson had a close relationship with the students named in his previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

8. On or about April 7, 2021, Plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for him to go to campus.

9. On or about June 2, 2021, Plaintiff received an email informing him that he was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

10. As recently as January 27, 2022, the Respondent's Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

11. Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

12. On or about April 19th, 2021, Rosalina Johnson told Plaintiffs wife that she had lost the testimony of the other student about the sexual misconduct of Defendant Animashaun and the school for the club "African student's associations club" after the president of the club graduated. Plaintiff's wife was the appropriately elected Vice President.

13. After Plaintiffs wife made it known to title IX Coordinator Terri Labeaux on or about August 5, 2020. Plaintiff also provided video testimony from another student who was witness to the environment and events in the African students' Association club involving Defendant Animashaun and associates sexual misconduct in club meetings. Student witness was never contacted and video testimony was lost by the defendant.

14. On or about August 2020, Plaintiffs wife also reported threatening messages from Defendants Animashaun and Sule. Plaintiff was told that evidence was lost as of April 2021.

15. On or about March 31st, 2021, Plaintiff asked for the recordings before the evidence was destroyed from Rosalina Johnson as an extension of her capacity as an investigator. Plaintiff received a message that Johnson would be out of the office for an extended period.

16. On or about February 2021, two students agreed to be witnesses as to the harassment they observed in the Sociology club. One student was the president of the club that agreed to be a witness. Plaintiff sent a message to Rosalina Johnson about the witnesses. This message included students contact information. These witnesses were never contacted.

17. On or about March 2021, Plaintiff started receiving messages from Defendant Sule that seemed to extort him to get back into a relationship. Sule also stated that she was forced into conspiracy to harm Plaintiff by defendants Animashaun, Fultz, Moore, and others. Sule stated that she wanted to unburden herself to Title IX, even after she had already spoken to them previously.

18. On or about March 2021, Plaintiff provided messages from Sule about the conspiracy to Rosalina Johnson. Plaintiff provided text messages as evidence and stated that he had not told Sule about him going to Title IX. Rosalina Johnson never contacted Sule and Sule never contacted Title IX. Plaintiff believes this was done as a delay tactic so that defendant Sule could graduate. Defendant Sule stated to Plaintiff that school faculty/staff were helping her.

19. On or about January 2020, Defendant Animashaun stated that she was the Plaintiffs wife to the department chair of the political science department to get Plaintiffs information that she used to stalk Plaintiff.

20. On or about January 2021, Plaintiff reported harassment and harm to the President's office through "My story/My truth" event that the school offered to students. Plaintiff was never contacted after.

21. Plaintiff had meeting with counselor and department chair on or about March 2021, where department chair stated that the school punished faculty and staff involved with harassment, retaliation, bullying, and misconduct after multiple meetings about the Plaintiff. Department chair stated that Plaintiff could not be told details based on privacy policies. Counselor told Plaintiff that he heard that there would be retaliation against the Plaintiff that may also delay his graduation.

22. Plaintiff mentioned this in his appeal letter to the administrators Scharberg and Watnik in his appeal letter. Plaintiffs appeal was still denied on or about August 9, 2021.

23. On or about June 23, 2022, Plaintiff was told by his counselor that even if he had done everything right, he still would not be able to be reinstated until 2023.

24. Plaintiff was told that staff/faculty that could help him stop the harassment were out of the office multiple times from 2020-2021.

25. On or about March 10, 2022, plaintiff served a demand letter twice to the CSU Board of Trustees. Defendant chose to ignore and refused to respond even though a response was requested. Defendant was warned that litigation would be taken as a last resort.

26. U.S. Office of Personnel Management failed to oversee federal employees at CSU Eastbay so that they would be at work to stop harm.

27. U.S. Office of Management and Budget failed to oversee employees at CSU Eastbay to ensure that scholarships were paid and that employees were reporting to their positions and completing their duties of reporting personnel files, timesheets, and records.

28. The California Office of the Inspector General failed to oversee CSU Eastbay and the CSU system to ensure that scholarships were paid and that employees were reporting to their positions and completing their duties of reporting personnel files, timesheets, and records.

29. Plaintiff reported harm via emails and phone calls to the FBI from 2021-2022 about harassment and retaliation crossing state lines as well as the tampering of evidence.

30. On or about July 28, Plaintiffs Moore and Fultz arranged for a false business meeting with Plaintiff. At this meeting, defendant Fultz pulled out pornographic material and attempted to solicit sex with the Plaintiff and threatened the Plaintiff that if he didn't comply then he would get "broken like another man." The plaintiff believes this was also in retaliation for refusing Animashaun and Sule on April 1st, 2020. This is due to the defendant Fultz claiming that she, Animashaun, Sule, and others had harassed and assaulted another man as a consequence of his refusal of sex. Fultz stated that the other victim was a teacher and "doesn't go outside anymore."

31. On or about April 1st, 2020, Defendant Animashaun intimidated Plaintiff by stating that she worked for law enforcement and that the Plaintiff should not report sexual misconduct and harassment at her home after she and Defendant Sule lured him there under false pretense. Defendant Animashaun was an officer of the court as of April 1st, 2020.

32. On or about July 28th, 2020, Moore, Sule, and Animashaun conspired to tamper with and conceal evidence remotely out of the Plaintiff's electronic devices. They did so by altering the plaintiff's call logs, text messages, and e-mails remotely.

33. Plaintiffs Moore, Fultz, Sule, and Animashaun admitted to tampering in the Alameda County Superior court hearing held on or about August 18, 2020 (Case Number HG20069168)

34. Defendant Le defamed the Plaintiff by characterizing Plaintiff in false light on or about January 2021 to other students.

35. Defendants that were staff and/or faculty failed to report and prevent harassment.

36. CSU system failed to prevent harassment.

37. CSU system failed to report Plaintiffs personnel file to CSU Union.

38. CSU failed to train Plaintiff on how to report harassment to CSU system.

39. CSU failed to train staff/ faculty to prevent harassment and misconduct.

40. CSU Eastbay was served a complaint by DFEH on or about March 4, 2022.

41. CSU East Bay failed to hire a confidential advocate who could service Plaintiff to write a complaint about the school.

42. Kim baker-flowers was made aware of the report of harassment and sexual battery, retaliation, harassment, and abuse on or about April 24, 2021. She was indifferent to these allegations by introducing me to a confidential advocate named Cheronn Ford whom she knew could not provide services to me on April 27, 2021.

43. Kim baker-flowers knew that Confidential Advocate could not service me according to a previous meeting that the advocate and Baker-Flowers had on or about April 2021.

44. On or about May 5, 2023 Plaintiff asked for copies of his personnel, payroll, and timesheet records from Human Resources & payroll

45. On or about May 5, 2023, Plaintiff was asked to create his pay stub by Larry Lee

46. On or about May 2023, Plaintiff was made aware that the CSU failed to report the Plaintiff's paperwork and status to the CSU Union.

47. On or about May 2023, Nicholas Baham contacted the Plaintiff, as the department chair of the department that the Plaintiff worked for, with incorrect work information and failed to provide any official documentation regarding the Plaintiffs personnel, payroll, and timesheet records.

48. On or about May 2023, Larry Lee provided incorrect and incomplete information as to the Plaintiff's personnel, payroll, and timesheet records.

49. Plaintiff was awarded scholarships from 2020-2021 that CSU Eastbay failed to pay

50. Anndretta Wilson failed to pay Plaintiff throughout employment

51. Defendant Cathy Sandeen was notified on or about March 2021

52. Defendant Morishita was notified on or about 2020

53. Plaintiff engaged in protected activity in 2021 that administration of CSU Eastbay was indifferent to and retaliated against Plaintiff by seeking slanderous information from Plaintiffs previous school.

54. Information Technology Service desk manager for CSU Eastbay

i. On or about March 26, 2021 Plaintiff was instructed that the school would be deleting their video recordings of classrooms effective April 1st, 2021. This notice also stated "Any meeting recordings before November 1, 2020 will be deleted and any recordings older than 6 months will auto-delete daily."

ii. This was after the Plaintiff told investigator Johnson on or about March 2021 that the school had video evidence of inappropriate conduct from defendant Animashaun and others from Political Science Department from on or about December to January 2020, specifically defendant Below. After defendant's Johnson and Labeaux were made aware of this fact, Plaintiff was sent a notice by Kathleen DeWitt that stated that any recordings were going to be deleted within approximately 72 hours.

iii. Dewitt was sent a notice of retention for recordings.

1. One of these recordings showed defendant Animashaun grabbing Plaintiff in the middle of a class lecture. Defendant Below stopped her lecture to acknowledge and condone the action even though the Plaintiff was uncomfortable.

2. Plaintiff also specifically asked for recordings from meetings with Defendants Le, and Below.

3. On or about January 11, 2022 Defendant Le specifically told Plaintiff that she was recording him after the Dean had left the virtual meeting.

b. This request was met with an "out of office message." By Kathy Dewitt's office. On the same day that Plaintiff sent the notice of retention on March 31st, 2021.

55. Plaintiff is still unable to take classes at CSU East Bay as of June 30, 2023. Even after being reinstated as a student.

56. On or about February 22, 2023 plaintiff reported ongoing retaliation from the respondent's administration and employees to Title IX. Title IX has maintained indifference.

57. Article VI, paragraph 2 of the United States Constitution states that "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution of any State to the Contrary notwithstanding.

58. Declaration of Independence states that the plaintiff is endowed by his Creator "with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. --That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed,"

59. Pursuant to 20 U.S.C. section 1681(a), "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected

to discrimination under any education program or activity receiving Federal financial assistance.

60. Pursuant to 42 U.S.C. section 1682, "Each Federal department and agency which is empowered to extend Federal financial assistance to any education program or activity, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of section 1681 of this title with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. No such rule, regulation, or order shall become effective unless and until approved by the President.

61. Pursuant to 42 U.S.C. section 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

62. Pursuant to 42 U.S.C. section 2000d, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

63. Enforcement of the provisions of 42 U.S.C. section 2000d-1 is to be carried out by the Attorney General according to Ex. Ord. No. 12250, Nov. 2, 1980, 45 F.R. 72995, set out as a note under section 2000d-1 of Title 42.

## **PARTIES**

64. I, Matthew Morris, Plaintiff in Pro Per, am an individual man age, 32. I reside in Sacramento County, CA.

65. Plaintiff is informed and believes that at all times mentioned herein, Defendant, BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, is the Governing Agency and Board for California State University and California State University, East Bay.

66. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ROSALINA JOHNSON, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

67. Plaintiff is informed and believes that at all times mentioned herein, Defendant, TERRI LABEAUX, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

68. Plaintiff is informed and believes that at all times mentioned herein, Defendant, KATHY DEWITT, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

69. Plaintiff is informed and believes that at all times mentioned herein, Defendant, NICHOLAS BAHAM, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

70. Plaintiff is informed and believes that at all times mentioned herein, Defendant, LARRY LEE, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

71. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ERIKA DIAZ-APODACA, is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

72. Plaintiff is informed and believes that at all times mentioned herein, Defendant, LEROY MORISHITA, was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

73. Plaintiff is informed and believes that at all times mentioned herein, Defendant, BIDEMI ANIMASHAUN, is an individual.

74. Plaintiff is informed and believes that at all times mentioned herein, Defendant, OLUWAFUNMILOLA SULE, is an individual.

75. Plaintiff is informed and believes that at all times mentioned herein, Defendant, CHRIS MOORE, is an individual.

76. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ESTHER FULTZ, is an individual.

77. Plaintiff is informed and believes that at all times mentioned herein, Defendant, DANVY LE, is and was a Professor employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

78. Plaintiff is informed and believes that at all times mentioned herein, Defendant, AMY BELOW, is and was a Professor employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

79. Plaintiff is informed and believes that at all times mentioned herein, Defendant, DEAN LUZ CALVO, is and was a Dean employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

80. Plaintiff is informed and believes that at all times mentioned herein, Defendant, CATHY SANDEEN is and was President employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

81. Plaintiff is informed and believes that at all times mentioned herein, Defendant, KIM BAKER-FLOWERS is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

82. Plaintiff is informed and believes that at all times mentioned herein, Defendant, MITCH WATNIK is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

83. Plaintiff is informed and believes that at all times mentioned herein, Defendant, ANNDRETTA WILSON is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

84. Plaintiff is informed and believes that at all times mentioned herein, Defendant, MAUREEN SCHARBERG is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

85. Plaintiff is informed and believes that at all times mentioned herein, Defendant, JEROME NARVAEZ is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

86. Plaintiff is informed and believes that at all times mentioned herein, Defendant, MARGUERITE HINRICHS is and was employed by BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY.

87. The true names and capacities of defendants DOES ONE through TEN are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

## JURISDICTION AND VENUE

88. This Court is the proper Court because injury or damage to the person occurred in this jurisdictional area.

89. This Court has jurisdiction over the Defendants pursuant to California Code of Civil Procedure sections 410.10 and 1060, and Government Code sections 6258, 54960, 54960.1, and 54960.2, because each Defendant resides in, and regularly conducts business in the State of California, and based upon the limitations of the discretion vested in public agencies.

90. Plaintiff has performed all conditions precedent to filing this Complaint and has exhausted all available administrative remedies to the extent required by law. Plaintiff has complied with the requirements of Government Code sections 910 et seq. by serving the respective agencies with written notice of Plaintiff's intention to commence this action.

91. Plaintiff has complied with the requirements of Government Code sections 54960, 54960.1, and 54960.2 by timely delivering to the agencies a letter demanding that the agencies cure or correct and cease and desist its Brown Act violations.

92. The agencies have responded and informed me that I have exhausted all administrative duties and have the right to proceed with a lawsuit.

93. Venue is proper in this Court because the causes of action arose and the contracts at issue in this action were made in, raised obligations to be performed in, and/or concerned damages relating to Plaintiff, and Defendants are situated in Alameda County.  (Code of Civil Procedure, §§ 393-395.)

### FIRST CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

**(Breach of Contract)**

94. Plaintiff re-alleges and incorporates by reference the allegations outlined in paragraphs above, as though fully set forth herein.

95. Plaintiff entered into a contract with Defendant.

96. Defendants breached the Contract by not following good faith methods.

97. Plaintiff performed all obligations required of it under the Contract or was justifiably excused therefrom by Defendant's breaches.

98. As a result of Defendants' breaches, Plaintiff has suffered losses to be determined, as well in excess of the minimum jurisdiction of an unlimited civil action, to be proved at trial.

**SECOND CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS**
**and DOES 1-10 ("DEFENDANTS")**
**(Intentional Tort)**

99. Plaintiff incorporates by reference every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

100. Plaintiff alleges that Defendants' and Does 1-10, was the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, the defendant negligently caused the damage to Plaintiff.

101. On or about August 5, 2020, Plaintiff filed a Title IX complaint against two students at the University for sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted his previous school in an attempt to gain slanderous information about me. The Respondent then used untrue and unsubstantiated information to discredit plaintiff's allegations. During my employment with Dr. Wilson, she refused to meet with plaintiff to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled plaintiff.

102. She refused to discuss the work plaintiff brought to the meetings, and she made comments to put him down because of his race and sex. Dr. Wilson conspired to

undermine his position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

103.    Plaintiff later discovered that Dr. Wilson had a close relationship with the students named in my previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

104.    On or about April 7, 2021, Plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for him to go to campus.

105.    On or about June 2, 2021, plaintiff received an email informing him that plaintiff was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

106.    As recently as January 27, 2022, the Respondent's Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

107.    Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

### THIRD CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

#### (Negligence)

108.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

109.     Plaintiff alleges that Defendants' and Does 1-10, was the legal (proximate) cause of damages to Plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to Plaintiff.

110.     On or about August 5, 2020, Plaintiff filed a Title IX complaint against two students at the University for sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted plaintiff's previous school in an attempt to gain slanderous information about him. The Respondent then used the untrue and unsubstantiated information to discredit plaintiff's allegations. During plaintiff's employment with Dr. Wilson, she refused to meet with him to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled him.

111.     She refused to discuss the work Plaintiff brought to the meetings, and she made comments to put him down because of his race and sex. Dr. Wilson conspired to undermine his position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

112.     I later discovered that Dr. Wilson had a close relationship with the students named in plaintiff's previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

113.     On or about April 7, 2021, plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for plaintiff to go to campus.

114.     On or about June 2, 2021, plaintiff received an email informing him that he was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

115.     As recently as January 27, 2022, the Respondent's Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

116.     Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

### FOURTH CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

### (Retaliation,  Govt. Code § 12653; Lab. Code § 1102.5)

117.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

118.     On or about August 5, 2020, plaintiff filed a Title IX complaint against two students at the University sexual harassment and assault. However, the complaint was not fairly investigated. Plaintiff never received a notice of investigation. Additionally, the Respondent contacted plaintiff previous school in an attempt to gain slanderous information about plaintiff. The Respondent then used the untrue and unsubstantiated information to discredit my allegations. During plaintiffs employment with Dr. Wilson, she refused to meet with plaintiff to prepare for group discussions. Additionally, during these group discussions held over Zoom, Dr. Wilson bullied and belittled plaintiff.

119.     She refused to discuss the work Plaintiff brought to the meetings, and she made comments to put plaintiff down because of his race and sex. Dr. Wilson conspired to undermine plaintiff's position by providing other members of the workgroup advantageous information and support. Other members of the workgroup were

encouraged to conceal information about school presentations and their relationships with Dr. Wilson.

120.     Plaintiff later discovered that Dr. Wilson had a close relationship with the students named in his previous complaint of sexual harassment and assault. Plaintiff believes the harassment he experienced was retaliation for the Title IX complaint he filed.

121.     On or about April 7, 2021, plaintiff reported Dr. Wilson's behavior to Dean Luz Calvo, but his allegations were not investigated. Plaintiff never received a notice of investigation from Dean Calvo or anyone else at the university. In or around March 2021, plaintiff received threatening messages from the students named in his previous complaint, and it became unsafe for him to go to campus.

122.     On or about June 2, 2021, plaintiff received an email informing me that he was administratively disqualified from working in his position. Plaintiff submitted an appeal on or about August 3, 2021, which was denied on or about August 9, 2021.

123.     As recently as January 27, 2022, the Respondents Board of Directors has not made the agenda or minutes from their meetings available to the public, in violation of the Brown Act.

124.     Plaintiff believes he has been discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also believes he has been retaliated against for engaging in protected activity in violation of the same statute.

### FIFTH CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")

**(Violation of the Brown Act, Government Code §§ 54956, 54954.2)**

125.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs above as though fully set forth and pleaded herein.

126.     A fundamental purpose of the Ralph M. Brown Act, Government Code § 54950 et seq. ("Brown Act") is to encourage public participation in government decision-making.

127.     In furtherance of this purpose, the Brown Act prohibits the Council from discussing or taking action on any item that does not appear on a properly posted agenda, except in certain situations not applicable here. (Government Code §§ 54956, 54954.2; see also Moreno v. City of King (2005) 127 Cal.App.4th 17, 26.)

128.     Despite this requirement, Defendants' violated the Brown Act by discussing and taking action.

129.     Plaintiff as well as the public (inclusive of the people present at the meeting) were prejudiced by this violation because this violation denied them the opportunity to sufficiently prepare and provide meaningful and focused input to the Council and the impacts that such a breach of obligations would have not only on Plaintiff, but on the public at-large.

130.     Pursuant to Government Code §§ 54960.1 and 54960.2, Plaintiff timely delivered a letter to the Defendants demanding that the Defendants cure or correct the action taken by the Defendants and cease and desist the practices constituting this violation of the Brown Act.

131.     After exhausting all administrative requirements and processes, Plaintiff received letters from the Defendants advising Plaintiff's Notice of Right to proceed with a lawsuit.

132.     For the reasons stated above, the Defendant's actions taken in violation of the Brown Act must be determined to be null and void, pursuant to Government Code § 54960.1(a).

133.      Furthermore, for the reasons stated above, and because of the Defendants' refusal to make an unconditional commitment to cease and desist the practices constituting this violation of the Brown Act, a controversy exists regarding the

Defendants' past compliance with the Brown Act, and the Defendants' are likely to continue such violations of the Brown Act.

**SIXTH CAUSE OF ACTION FOR DAMAGES AGAINST ALL DEFENDANTS and DOES 1-10 ("DEFENDANTS")**

**(Violation of the Brown Act, Government Code §§ 54953, §§ 54960 et seq.)**

134.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above, as though fully set forth herein.

135.     A fundamental purpose of the Brown Act is open and public government decision-making.

136.     In furtherance of this purpose, the Brown Act provides "[a]ll meetings of the legislative body of a local agency shall be open and public…" (Government Code § 54953.)

137.     The Brown Act defines the term "meeting" very broadly to encompass almost every gathering of a majority of members to hear, discuss, deliberate, or take action on any item of business or potential business. (Government Code § 54952.2(a) ["[a]ny congregation of a majority of members of a legislative body at the same time and place to hear, discuss, or deliberate upon any item that is within the subject matter jurisdiction of the legislative body or local agency to which it pertains"].)

138.     The Brown Act prohibits a series of individual communications if they result in a "serial meeting." (Government Code § 54952.2(b).) A "serial meeting" is a series of meetings or communications between individuals in which ideas are exchanged on city business or potential city business among a majority of the legislative body through either one or more persons acting as intermediaries or through the use of technological devices (such as e-mail or text), even though a majority of councilmembers never gather together at the same time. "Serial meetings" commonly occur in one of two ways— either a staff member, such as the City Attorney or some other person individually contacts a majority of members of a body and shares ideas among the majority or, without the involvement of a third person, a single member calls other members

individually until a majority of the body has reached a collective concurrence on a matter.

139.    Despite the requirement that meetings be "open and public," Plaintiff is informed and believes, and thereon alleges, Defendants' violated the Brown Act by taking action, at a meeting (if not prior thereto) that was not open and public, through either conducting a "secret meeting" or "serial meeting."

140.    Plaintiff bases this information and belief on

141.    This absence of any public deliberation strongly suggests that Defendants' violated the Brown Act by surreptitiously taking action through conducting a "secret meeting" or "serial meeting" that was not open and public. Plaintiff will establish such Brown Act violation by way of this Action.

142.    Pursuant to Government Code §§ 54960.1 and 54960.2, Plaintiff timely delivered a letter to Defendants demanding that the Defendant cure or correct the "non-open and public" actions taken by Defendants' and cease and desist the practices constituting this violation of the Brown Act.

143.    For the reasons stated above, the Defendant's "non-open and public" actions taken must be declared null and void, pursuant to Government Code § 54960.1(a).

144.    Furthermore, for the reasons stated above, and because Defendant refuses to make an unconditional commitment to cease and desist the practices constituting this violation of the Brown Act, a controversy exists regarding the Defendants' past compliance with the Brown Act, and the Defendants' are likely to continue such violations of the Brown Act.

## SEVENTH CAUSE OF ACTION

## (VIOLATION OF FEHA (GOVERNMENT § 12900, *ET SEQ.*) (RACE HARASSMENT)—AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

145.    The allegations set forth in paragraphs above are re-alleged and incorporated Herein by reference.

146.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability:

a.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's race, national origin, and/or color, in violation of Government Code section 12940(j);

b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on race, national origin, and/or color, in violation of Government Code section 12940(k).

147.    As a proximate result of defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

148.    As a proximate result of defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

149.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

150.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

## EIGHTH CAUSE OF ACTION

## (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.)

## (SEXUAL ORIENTATION DISCRIMINATION)—AGAINST ALL

## DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

151.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

152.     Plaintiff's sexual orientation and/or other characteristics protected by FEHA, Government Code section 12900, et seq., were motivating factors in defendants' decision not to retain, hire, or otherwise employ Plaintiff in any position and/or to take other adverse employment action, including employment termination, against Plaintiff.

153.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and defendants committed unlawful employment practices, including by the following separate bases for liability:

    a.  Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual and/or perceived sexual orientation and/or other protected characteristics, in violation of Government Code section 12940(a);

    b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of actual and/or perceived sexual orientation, in violation of Government Code section 12940(k);

    c.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

154.     As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

155.     As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

156.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

157.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## NINTH CAUSE OF ACTION

### (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (MARITAL STATUS DISCRIMINATION)—AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

158.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

159.     Plaintiff's marital status and/or other characteristics protected by FEHA,

160.     Government Code section 12900, et seq., were motivating factors in defendants' decision not to retain, hire, or otherwise employ Plaintiff in any position and/or to take other adverse employment action, including employment termination, against Plaintiff.

161.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and defendants committed unlawful employment practices, including by the following separate bases for liability:

    a.   Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual and/or perceived marital status and/or other protected characteristics, in violation of Government Code section 12940(a);

    b.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of actual and/or perceived marital status, in violation of Government Code section 12940(k);

c.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

162.  As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

163.  As a proximate result of defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

164.  Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

165.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**TENTH CAUSE OF ACTION**

**(VIOLATION OF FEHA (GOVERNMENT CODE § 12940(K) (FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION)—AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

166.  The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

167.  At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

168.     During the course of Plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff's being treated less favorably because of Plaintiff's protected status (i.e., his race, national origin, color, sexual orientation, and/or marital status). During the course of Plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of race, national origin, color, sexual orientation, marital status, and/or other protected statuses or protected activities.

169.     Plaintiff believes and on that basis alleges that his race, national origin, color, sexual orientation, marital status, and/or other protected status and/or protected activity were substantial motivating factors in defendants' employees' discrimination against and harassment of him.

170.     As a proximate result of defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

171.     As a proximate result of defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

172.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

173.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against defendants.

**ELEVENTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

174.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

175.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

176.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

177.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

178.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

179.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWELFTH CAUSE OF ACTION NEGLIGENT HIRE AND RETENTION (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

180.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

181.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

182.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

183.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

184.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

185.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

186.    CSU east bay failed to hire a confidential advocate that could service Plaintiff to write a complaint about the school

187.    Kim Baker-flowers was made aware of the report of harassment and sexual battery, retaliation, harassment, and abuse on or about April 24, 2021. She was indifferent to these allegations by introducing me to a confidential advocate named Cheronn Ford whom she knew could not provide services to me on April 27, 2021.

188.    Kim Baker-flowers knew that Confidential Advocate could not service me according to a previous meeting that the advocate and Baker-Flowers had on or about April 2021.

**THIRTEENTH CAUSE OF ACTION 230.1 DOMESTIC VIOLENCE LEAVE (INCLUDES VICTIMS OF STALKING PER SB 288) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

189.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

190.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

191.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

192.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

193.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

194.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**FOURTEENTH CAUSE OF ACTION WHISTLEBLOWER PROTECTION ACT (CA), GOV. CODE §§ 9149.20-23, 8547.1-12. CAL GOV CODE§§ 8548.1-5. WHISTLEBLOWER HEALTH AND SAFETY CODE § 1278.5; HEALTH & SAFETY CODE §53298 (HEALTH & SAFETY); WHISTLEBLOWERS ALSO PROTECTED UNDER C/L (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

195.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

196.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

197.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

198.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

199.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

200.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**FIFTEENTH CAUSE OF ACTION IMPROPER USE OF CONSUMER CREDIT REPORT (CIV. CODE § 1785.1) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

201.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

202.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

203.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

204.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

205.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

206.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**SIXTEENTH CAUSE OF ACTION IMPROPER USE OF INVESTIGATIVE REPORT (CIV. CODE § 1786) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

207.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

208.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

209.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

210.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

211.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

212.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**SEVENTEENTH CAUSE OF ACTION FALSE LIGHT (INVASION OF PRIVACY) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

213.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

214.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

215.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

216.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

217.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

218.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**EIGHTEENTH CAUSE OF ACTION IMPROPER DISCLOSURE OF HEALTH/MEDICAL INFORMATION (CIV. CODE § 56.20, HIPAA) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

219.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

220.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

221.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

222.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

223.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

224.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**NINTEENTH CAUSE OF ACTION IMPROPER DISCLOSURE OF SOCIAL SECURITY NUMBER (CIV. CODE § 1798.85) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

225.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

226.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

227.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

228.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

229.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

230.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTIETH CAUSE OF ACTION § 201 WAGES DUE ON TERMINATION (IMMEDIATE) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

231.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

232.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

233.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

234.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

235.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

236.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY FIRST CAUSE OF ACTION 10 WILLFUL FAILURE TO PAY - SEE ALSO LAB. CODE §§ 2698 AND 225.5 (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

237.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

238.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

239.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

240.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

241.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

242.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY SECOND CAUSE OF ACTION § 215 MAKES FAILURE TO PAY WAGES DUE A MISDEMEANOR (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

243.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

244.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

245.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

246.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

247.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

248.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY THIRD CAUSE OF ACTION NEGLIGENT ACT OF THIRD PARTY-CHERONN FORD WAS A THIRD PARTY CONTRACTOR AS THE CONFIDENTIAL ADVOCATE (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

249.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

250.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

251.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

252.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

253.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

254.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY FOURTH CAUSE OF ACTION GIGUX DOCTRINE (NEGLIGENT ACT OF SEPARATE BUT RELATED ENTITY) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

255.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

256.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

257.     Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

258.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

259.     As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

260.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY FIFTH CAUSE OF ACTION PECULIAR RISK OF HARM (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

261.     The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

262.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

263.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

264.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

265.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

266.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

## TWENTY SIXTH CAUSE OF ACTION NEGLIGENT SELECTION OF CONTRACTOR (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)

267.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

268.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

269.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

270.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

271.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

272.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**TWENTY SEVENTH CAUSE OF ACTION UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17500 ET SEQ.) (AGAINST ALL DEFENDANTS AND DOES 1 TO 10, INCLUSIVE)**

273.    The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

274.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

275.    Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of his livelihood, would devastate Plaintiff and cause him extreme hardship.

276.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

277.    As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

278.    Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

279.    Violation of business tort Section 17200 California's Unfair Competition Law
   a. Unlawful
   b. Unfair
   c. Fraudulent

i.   On or about May 5, 2023 Plaintiff asked for copies of his personnel, payroll, and time sheet records from Human Resources & payroll

ii.   On or about May 5, 2023, Plaintiff was asked to create his own pay stub by Larry Lee

iii.   On or about May 2023, Plaintiff was made aware that the CSU failed to report the Plaintiffs paperwork and status to the CSU Union.

iv.   On or about May 2023, Nicholas Baham contacted the Plaintiff, as the department chair of the department that the Plaintiff worked for, with incorrect work information and failed to provide any official documentation regarding the Plaintiffs personnel, payroll, and timesheet records.

v.   On or about May 2023, Larry Lee provided incorrect and incomplete information as to the Plaintiff's personnel, payroll, and timesheet records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### **ON THE BREACH OF CONTRACT AND IMPLIED COVENANT CLAIMS:**

1. An award of damages against Defendants for actual and incidental damages and interest thereon, including for breach of contract and/or breach of the implied covenant of good faith and fair dealing.

2. Recovery of sums available through quantum meruit and/or unjust enrichment verdicts.

### **ON THE BROWN ACT VIOLATIONS:**

3. A declaration that Defendants violated the Brown Act through the actions taken.

4. A declaration ordering the Defendants' to invalidate the actions taken in violation of the Brown Act.

5. An injunction enjoining the Defendants' from committing Brown Act violations detailed herein.

6. An order compelling Defendants' to provide an unconditional assurance per Government Code § 54960.2 that Defendants' will hereafter comply with the Brown Act.

### **FIRST CAUSE OF ACTION**

7. For damages in the amount to be determined.

**SECOND CAUSE OF ACTION**

8. For damages in the amount of to be determined.

**THIRD CAUSE OF ACTION**

9. For damages in the amount of to be determined.

**FOURTH CAUSE OF ACTION**

10. For damages in the amount of to be determined.

**FIFTH CAUSE OF ACTION**

11. For damages in the amount of to be determined.

**SIXTH CAUSE OF ACTION**

12. For damages in the amount of to be determined.

**SEVENTH CAUSE OF ACTION**

13. For damages in the amount of to be determined.

**EIGHTH CAUSE OF ACTION**

14. For damages in the amount of to be determined.

**NINTH CAUSE OF ACTION**

15. For damages in the amount of to be determined.

**TENTH CAUSE OF ACTION**

16. For damages in the amount of to be determined.

**ELEVENTH CAUSE OF ACTION**

17. For damages in the amount of to be determined.

**TWELTH CAUSE OF ACTION**

18. For damages in the amount of to be determined.

**THIRTEENTH CAUSE OF ACTION**

19. For damages in the amount of to be determined.

**FOURTEENTH CAUSE OF ACTION**

20. For damages in the amount of to be determined.

**FIFTEENTH CAUSE OF ACTION**

21. For damages in the amount of to be determined.

### SIXTEENTH CAUSE OF ACTION

22. For damages in the amount of to be determined.

### SEVENTEENTH CAUSE OF ACTION

23. For damages in the amount of to be determined.

### EIGHTEENTH CAUSE OF ACTION

24. For damages in the amount of to be determined.

### NINETEENTH CAUSE OF ACTION

25. For damages in the amount of to be determined.

### TWIENTIETH CAUSE OF ACTION

26. For damages in the amount of to be determined.

### TWENTY-FIRST CAUSE OF ACTION

27. For damages in the amount of to be determined.

### TWENTY-SECOND CAUSE OF ACTION

28. For damages in the amount of to be determined.

### TWENTY-THIRD CAUSE OF ACTION

29. For damages in the amount of to be determined.

### TWENTY-FOURTH CAUSE OF ACTION

30. For damages in the amount of to be determined.

### TWENTY-FIFTH CAUSE OF ACTION

31. For damages in the amount of to be determined.

### TWENTY-SIXTH CAUSE OF ACTION

32. For damages in the amount of to be determined.

### TWENTY-SEVENTH CAUSE OF ACTION

33. For damages in the amount of to be determined.

### ALL CAUSES OF ACTION

a.  For general and special damages according to proof;

b.  For exemplary damages, according to proof;

c.  For pre-judgment and post-judgment interest on all damages awarded;

d.  For reasonable attorneys' fees;

e.  For costs of suit incurred;

f.  For declaratory relief; and

g.  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action. The amount demanded exceeds $25,000.00 (Government Code § 72055).

DATED: 04/28/2024

_____

MATTHEW MORRIS

**VERIFICATION**

I am the Plaintiff in this action. I have read the above FIRST AMENDED COMPLAINT FOR DAMAGES DUE TO BREACH OF CONTRACT, INTENTIONAL TORT, NEGLIGENCE, RETALIATION, VIOLATIONS OF THE BROWN ACT, (VIOLATION OF FEHA (GOVERNMENT § 12900, *ET SEQ.*) (RACE HARASSMENT, (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (SEXUAL ORIENTATION DISCRIMINATION), (VIOLATION OF FEHA (GOVERNMENT CODE § 12900, ET SEQ.) (MARITAL STATUS DISCRIMINATION), (VIOLATION OF FEHA (GOVERNMENT CODE § 12940(K) (FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION), (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT HIRE AND RETENTION; 230.1 DOMESTIC VIOLENCE LEAVE (INCLUDES VICTIMS OF STALKING PER SB 288); WHISTLEBLOWER PROTECTION ACT (CA), GOV. CODE §§ 9149.20-23, 8547.1-12. CAL GOV CODE §§ 8548.1-5. WHISTLEBLOWER HEALTH AND SAFETY CODE § 1278.5; HEALTH & SAFETY CODE §53298 (HEALTH & SAFETY); WHISTLEBLOWERS ALSO PROTECTED UNDER C/L.; UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17500 ET SEQ.); IMPROPER USE OF CONSUMER CREDIT REPORT (CIV. CODE § 1785.1); IMPROPER USE OF INVESTIGATIVE REPORT (CIV. CODE § 1786); FALSE LIGHT (INVASION OF PRIVACY); IMPROPER DISCLOSURE OF HEALTH/MEDICAL INFORMATION (CIV. CODE § 56.20, HIPAA); IMPROPER DISCLOSURE OF SOCIAL SECURITY NUMBER (CIV. CODE § 1798.85) 11. § 201 WAGES DUE ON TERMINATION (IMMEDIATE); 10 WILLFUL FAILURE TO PAY - SEE ALSO LAB. CODE §§ 2698 AND 225.5 • § 215 MAKES FAILURE TO PAY WAGES DUE A MISDEMEANOR; NEGLIGENT ACT OF THIRD PARTY • GIGUX DOCTRINE (NEGLIGENT ACT OF SEPARATE BUT RELATED ENTITY); PECULIAR RISK OF HARM; NEGLIGENT SELECTION OF CONTRACTOR and know its contents. The matters stated in the answer are true of my knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I *declare* under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated: 04/28/2023


*Matthew Morris*
*MATTHEW MORRIS*

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**
**MORRIS v. BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, ET AL.**